Henry KINCHELOE, Appellant,

v.

The STATE of Texas, Appellee.

No. 52288.

Court of Criminal Appeals of Texas.

July 13, 1977.

---

Kenneth A. Back, Amarillo, for appellant.

Tom A. Curtis, Dist. Atty., and Bruce P. Sadler, Asst. Dist. Atty., Amarillo, for the State.

## OPINION

PHILLIPS, Judge.

The offense is possession of a firearm by a felon; the punishment, enhanced under V.T.C.A., Penal Code, Sec. 12.42(d), life.

In a per curiam opinion delivered July 7, 1976, the appeal in this cause was dismissed for untimely pronouncement of sentence.

See *Mendez v. State,* Tex.Cr.App., 535 S.W.2d 365; *Woods v. State,* Tex.Cr.App., 532 S.W.2d 608. A supplemental transcript shows the cause is now properly before us and the appeal is reinstated.

Appellant challenges the sufficiency of the evidence.

Bill Brice testified that on September 18, 1974, he was the manager of Billy Fred's Gun Shop in Amarillo and he sold a Winchester Model 94 30–30 to appellant. He said appellant took a gun off the rack, but Brice put it back on the shelf and sold appellant one in a box. In filling out the Firearms Transaction Record, Brice entered the serial number as it appeared on the box; he did not at any time open the box. Brice stated the manufacturer of the gun puts the serial number on the box and it is a standard custom among wholesalers and gun dealers to refer to the number on the box. Brice stated the seal was unbroken on the box he sold appellant and in his 15 years' experience he had never seen a rifle box that did not contain a rifle if the seal was unbroken when received from the manufacturer.

Witness Bevers, a special agent with the Treasury Department, testified he arrested appellant at home on October 17, 1974, under the authority of an arrest warrant. Appellant signed a consent to search form and Agent Bevers found three weapons in the house, including State's exhibit two, identified by serial number as the Winchester 30–30 sold to appellant by Brice.

Appellant asserts in light of the passage of time between the alleged purchase of the rifle and the search of his residence "it is impossible to conclude that the appellant actually had care, custody and management of the firearm away from the premises where he lived." Appellant also contends the evidence fails to show that the rifle was actually in the box appellant carried out of the gun shop.

Viewing the evidence in a light most favorable to the jury's verdict, we find the evidence is sufficient to show appellant was in possession of the rifle when he left the

gun shop. See and compare *McCollum v. State*, Tex.Cr.App., 441 S.W.2d 534.

In two grounds of error appellant contends the indictment as drawn cannot support a life sentence. Omitting the formal parts, the indictment alleges that on or about September 18, 1974, appellant did then and there:

"knowingly and intentionally possess a firearm, to-wit: a rifle, away from the premises where he lived; and prior to the commission of said act, the said Henry Kincheloe was duly and legally convicted of the felony offense of Murder without Malice, being a felony involving an act of violence to a person, to-wit: on the 10th day of May, 1968 in the 69th District Court of Dallam County, Texas, in a case on the docket of said Court, Number 2201, and entitled *The State of Texas vs. Henry Hamilton Kincheloe*, the said Henry Hamilton Kincheloe was duly and legally convicted of the felony offense of Murder without Malice, of which said offense said Court had jurisdiction and which conviction occurred and the judgment thereon became final prior to the commission by the said Henry Kincheloe of the act hereinbefore charged against him".

The second and third paragraphs of the indictment allege appellant had previously been convicted of two felony offenses: Ex-Convict in Possession of Firearms in cause number 15129 in the 108th District Court of Potter County and Burglary in cause number 12019 in the 47th District Court of Potter County.

The indictment in cause number 15129, made a part of this record, charged appellant with the offense of Ex-Convict in Possession of Firearms under Art. 489c, V.A.P.C. (1925), and alleged appellant had been convicted of Murder without Malice in cause number 2201 in the 69th Judicial District Court of Dallam County, Texas.[1]

Appellant alleges because the murder without malice conviction in cause number 2201 had been used in cause number 15129 to show appellant was a felon it could not be used again for the same purpose.

■ In *Hill v. State,* 158 Tex.Cr.R. 313, 256 S.W.2d 93, the defendant was convicted of driving while intoxicated as a second offender under Art. 802b, V.A.P.C. (1925). To make the offense a felony the State alleged the defendant had been convicted of the misdemeanor offense of driving while intoxicated in 1947. This misdemeanor conviction had previously been successfully used in a 1949 felony conviction for driving while intoxicated. We held the prior use of the misdemeanor conviction did not prevent its subsequent reuse for the same purpose and that such reuse did not violate the constitutional prohibition against placing an accused twice in jeopardy. In so holding this Court distinguished the use of a prior conviction to enhance punishment under Arts. 61 through 64, V.A.P.C. (1925), from its use as an essential element of Art. 802b, supra, to create a new and independent crime of the grade of felony.

The conviction for murder without malice is alleged in both indictments for jurisdictional purposes as an element of the primary offense. Under our holding in *Hill v. State,* supra, the prior use of the murder without malice conviction in cause number 15129 did not prevent its use for the same purpose in the instant case.

Appellant also contends the rationale of *Ramirez v. State,* Tex.Cr.App., 527 S.W.2d 542, should be extended to prohibit the State from using the conviction in cause number 15129 for enhancement in order to prevent the State from doing indirectly what *Ramirez* holds it cannot do directly. In *Ramirez v. State,* supra, at page 544, we held:

"V.T.C.A. Penal Code, Sec. 46.05, supra, is a special statute which, as an element of the offense, requires proof of a prior final conviction of a felony involving an act of

---

1. The indictment further alleged two prior convictions for enhancement purposes, the conviction for murder without malice in cause number 2201 and the conviction for burglary in cause number 12019; however, in light of the sentence imposed, not less than two nor more than ten years, we presume the enhancement counts were waived and abandoned.

violence in addition to proof of the possession of a firearm away from the premises where the accused lives. Having been alleged as an element of the offense charged in the first paragraph, the conviction in cause No. 12,736 in the 105th District Court of Nueces County on December 1, 1967, was not available and could not be again used to enhance the punishment under V.T.C.A. Penal Code, Sec. 12.42(a), supra."

In *Garcia v. State,* 169 Tex.Cr.R. 487, 335 S.W.2d 381, cited in *Ramirez,* we held a prior conviction is not available to enhance punishment for an offense of which it is an essential element. We further noted:

"We are not to be understood as holding that in prosecutions under Article 489c, Vernon's Ann.P.C., the State is precluded from using felony convictions other than the one alleged as an element of the offense to secure an enhancement of punishment under Article 63, V.A.P.C." *Garcia v. State,* supra, at page 383.

The situation in the case at bar is one step removed from that before us in *Garcia* and *Ramirez.* Appellant seeks to prohibit the State from using, for enhancement purposes, a felony conviction in which an essential element of the offense is the same conviction alleged as an essential element of the primary offense. Although there are no cases which speak to this issue, the following cases are instructive.

In *Ex parte McLane,* Tex.Cr.App., 417 S.W.2d 405, the relator was convicted in 1963 of robbery by assault and punishment was enhanced with a 1957 robbery by assault conviction. In 1959 relator was convicted of unlawful possession of a pistol, ripened into a felony by use of a second robbery by assault conviction in 1957. Both 1957 robbery convictions occurred on the same day and were for offenses committed on the same day. Relator alleged the use of one of these robbery convictions in 1959 as an element of the offense prohibited the State from using the other robbery conviction for enhancement in 1963. In overruling relator's contention, this Court stated that *Garcia v. State,* supra, did not apply

and that a prosecution under Art. 489c, V.A.P.C., was not governed by the rules applicable in a prosecution under the enhancement statute. We further noted that our holding did not restrict the further use, for enhancement purposes, of the robbery by assault conviction that had been alleged as an element of the unlawful possession of a pistol offense.

In *Mena v. State,* Tex.Cr.App., 504 S.W.2d 410, the defendant was convicted of the felony offense of possession of a pistol under Art. 489c, supra, and the punishment was enhanced under Art. 63, V.A.P.C. The defendant contended the punishment was improperly enhanced under the rule prohibiting the use of two convictions occurring on the same date to enhance punishment under Art. 63, supra. This Court overruled the contention because one of the two convictions was used as an element of the offense and the other conviction was alleged for enhancement.

It is apparent from the foregoing cases that the rules governing the repetition of offenses statutes are not applicable when a prior conviction is alleged as an element of the primary offense. The use of the murder without malice conviction as an element of the offense in cause number 15129 did not prevent its use for enhancement purposes in a subsequent conviction. However, the prior murder conviction could not have been used for enhancement in the instant indictment because it was alleged as an element of the primary offense, and a prior conviction may not be used for both purposes in a single indictment.

We do not agree that the use of a prior possession of a firearm conviction is an indirect use of the otherwise unavailable murder without malice conviction. The basis for the enhancement of punishment is the subsequent conviction, not the elements of the offense for which appellant was convicted. We decline to extend the holding of *Ramirez v. State,* supra, to prohibit the State from using as enhancement a prior felony conviction obtained under an indictment which alleged as an essential element

the same prior conviction alleged as an element of the primary offense.

There being no showing of reversible error, we affirm the judgment.