**Frederick WILTZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–89–00323–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

March 15, 1990.

**512**

Stanley G. Schneider, Houston, for appellant.

John B. Holmes, Jr., Harris Co. Dist. Atty., John M. Bradley, Harris Co. Asst. Dist. Atty., for appellee.

Before COHEN, DUNN and WARREN, JJ.

## OPINION

WARREN, Justice.

A jury found appellant guilty of the felony of escape, the court found two enhancement paragraphs true, and punishment was assessed at 45 years confinement.

Appellant was indicted for escaping from custody of New Directions, Inc., a halfway house, where he was confined after being released from a Texas Department of Corrections Unit. He was serving time as a result of a conviction on March 29, 1988, for burglary of a building with intent to commit theft, in cause number 492348. That conviction, although not described by court, county, cause number, or date, was used in the paragraph alleging the primary offense as the basis for appellant's confinement, and it, along with a prior conviction for unauthorized use of a motor vehicle, were alleged in two enhancement paragraphs.

At the trial on the escape indictment, the State proved that appellant was confined in New Directions, Inc., as a result of the burglary conviction in cause 492348. After the jury found appellant guilty of escape, appellant filed a motion to quash the second enhancement paragraph, which alleged the burglary conviction in cause number 492348. The motion was overruled.

At the punishment hearing, appellant pled not true to the enhancement paragraphs. Over appellant's objection, the court admitted evidence of both prior convictions alleged in the enhancement paragraphs. The court found that appellant had been "twice previously convicted as alleged in the indictment" and assessed punishment at 45 years confinement.

■ Appellant's only complaint is that his prior conviction in cause number 492348 was improperly used for enhancement purposes in that it constituted an element of the offense pled in the indictment. We agree.

It is well settled that the State may not use a prior conviction to prove an essential element of the case on trial and also use that same conviction to enhance punishment on the offense being tried. *McWilliams v. State*, 782 S.W.2d 871 (Tex.Crim. App., 1990); *Wisdom v. State*, 708 S.W.2d 840, 845 (Tex.Crim.App.1986); *Ramirez v. State*, 527 S.W.2d 542, 544 (Tex.Crim.App. 1975).

In our case, the indictment alleged that appellant escaped from a penal institution after he had been convicted of the offense of burglary of a building under Tex. Penal Code Ann. § 38.07(a)(1)(Vernon Supp.1990). As an element of the primary offense of felony escape, the State was required to prove by what authority appellant was being confined at the time of his escape. The State, having used the burglary offense in the case in chief to prove an element of the offense, could not use the same burglary to enhance punishment. Appellant's conviction should have been enhanced only by one previous felony conviction for unauthorized use of a motor vehicle.

■ The State vehemently argues that appellant waived error by not timely objecting to the indictment before the commencement of the trial, as required by Tex.Code Crim.P.Ann. art 1.14(b) (Vernon Supp. 1989). We disagree. The error occurred not during the trial, but at the time the court used the burglary conviction to enhance the punishment beyond that authorized by law.

■ Escape from a penal institution is a felony of the third degree. Tex. Penal Code Ann. § 38.07(c)(2)(Vernon Supp.1990). If an individual is convicted of a third degree felony, and it is proved that he has been once before convicted of a felony, he shall be punished for a second degree felony. Tex. Penal Code Ann. § 12.33(a)(Vernon Supp.1990). Because the punishment assessed by the court exceeded the maximum 20 years authorized for a second degree felony, the sentence is void and must be set aside. *Bogany v. State,* 661 S.W.2d 957, 959 (Tex.Crim.App.1983).

Appellant's point of error is sustained. The judgment, insofar as it pertains to the assessment of punishment, is reversed and the cause is remanded for a proper determination of punishment, pursuant to Tex. Code Crim.P.Ann. art. 44.29(b) (Vernon Supp.1990).