**David Charles STEELS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–92–01174–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

July 22, 1993.

Thomas D. Moran, Houston, for appellant.

John B. Holmes, Mary Lou Keel, Yvonne Burton, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and DUNN and HEDGES, JJ.

**OPINION**

DUNN, Justice.

Appellant, David Charles Steels, pled guilty to possession of a firearm by a felon and pled true to two enhancement paragraphs, alleging prior convictions for murder and possession of a firearm by a felon. He was sentenced to 25–years confinement.

Initially, we note that the State asserts that appellant's motion to quash the enhancement paragraphs was not timely brought before the trial court. Therefore, the State argues, error was waived.

The Code of Criminal Procedure provides that "before the date on which trial commences the defendant must point out errors, or irregularities, in an indictment or the defendant waives his right to complain on appeal." TEX.CODE CRIM.P.ANN. art. 1.14(b) (Vernon 1981). The docket sheet indicates the motion to quash was filed November 11, 1992. However, it was not brought to the attention of the court until the day of trial, November 23, 1992.

In *Wiltz v. State*, 787 S.W.2d 511 (Tex. App.—Houston [1st Dist.] 1990, no pet.), the State argued that the appellant waived error by not timely objecting to the indictment before the commencement of the trial. The court disagreed, and held, "[t]he error occurred not during the trial, but at the time the court used the conviction to enhance the punishment beyond that authorized by law." *Id.* at 513. The State contends this case should be overruled because article 1.14(b) requires a pretrial objection to *any* alleged defect in the charging instrument. However, in this case, as in *Wiltz*, the error complained of is the *use* of the enhancement paragraphs, not an error contained in the form or substance. The error could not have been argued pretrial because it had not yet occurred.

We find no merit to the State's assertion.

Appellant complains in his sole point of error that the trial court erred in overruling his motion to quash the enhancement paragraphs in his indictment because:

(1) **Felony Murder Used Twice.** The murder conviction in cause number 24195 (one enhancement paragraph) was improperly used to enhance appellant in that the murder conviction was an essential element in cause number 444131, the other enhancement paragraph. In summary, appellant asserts that one of the two prior convictions set out in the enhancement paragraphs was used to upgrade the other prior conviction from a misdemeanor to a felony. He does not assert that the murder convic-

tion used to enhance the conviction of possession of a firearm by a felon was also used as an element of the primary offense.

(2) **Special Enhancement Provision.** Section 46.05 of the Texas Penal Code Annotated (Vernon 1989) is a special enhancement provision making a felony out of acts that otherwise would constitute only a misdemeanor based upon previous convictions; therefore, the general enhancement provision, TEX.PENAL CODE ANN. § 12.42 (Vernon 1974 & Supp.1993), cannot be applied.

Regarding his first complaint, appellant asserts that the first enhancement paragraph contained in the general habitual enhancement paragraphs is a murder conviction that was previously used as an essential element of the second conviction, possession of a firearm, contained in the same enhancement portion of the indictment. Appellant argues this "double use" of the murder conviction is impermissible.

Initially, we agree with the proposition that one conviction cannot be used as an element in a primary offense and, in the same indictment, be used as a separate enhancement paragraph to support the assertion of habitual offender. *Kincheloe v. State*, 553 S.W.2d 364, 367 (Tex.Crim.App. 1977). This is not the situation in the case before us.

The *Kincheloe* court was faced with the use of a prior felony conviction as an element of both the primary offense and as an element of a prior offense. 553 S.W.2d at 366. The prior offense was then used in the enhancement paragraph to support habitual offender. *Id.* The court held that this use was permissible, because even though the conviction was used as an element of both the primary offense and the enhancement offense, it was not itself used as a prior offense to support habitual enhancement. *Id.* at 367. The court reasoned that the general enhancement rule, TEX.PENAL CODE ANN. § 12.42, concerns itself with *final convictions* and not the *elements* of those convictions. *Id.*

In this case, appellant's complaint does not involve the use of the murder conviction as an element of the primary

offense and its additional use as an enhancement paragraph. He is concerned only with the elements of the possession conviction asserted in the habitual offender paragraph. *Kincheloe* dictates that under section 12.42(d), we do not concern ourselves with the elements of the convictions used for enhancement. We hold that even though the murder conviction contained in the habitual offender paragraph was an element of the other conviction contained in the same habitual offender paragraph, it is permissible to use both of these convictions to support habitual enhancement since the murder conviction was not used as an element in the primary offense.

■ Regarding appellant's argument pertaining to special enhancements, we note that pursuant to the Texas general habitual offender statute, TEX.PENAL CODE ANN. § 12.42, appellant was upgraded to habitual status due to two prior felony convictions, one of which was a conviction for possession of a firearm. The primary offense was also possession of a firearm by a felon. Appellant argues the Penal Code contains a special enhancement provision for punishment for possession of a firearm. As a result, he argues, long-established case law precludes the use of the general enhancement provision in this situation.

Appellant asserts that TEX.PENAL CODE ANN. § 46.05 is a special enhancement provision of TEX.PENAL CODE ANN. § 46.02 (Vernon 1989). Section 46.05 of the Penal Code, entitled "Unlawful Possession of Firearm by Felon" states:

(a) A person who has been convicted of a felony involving an act of violence or threatened violence to a person or property commits an offense if he possesses a firearm away from the premises where he lives.

(b) An offense under this section is a felony of the third degree.

TEX.PENAL CODE ANN. § 46.05(a), (b).

He urges that without a felony conviction, the offense described under section 46.05 would fall under section 46.02 of the Penal Code, entitled "Unlawful Carrying of Weapons:"

(a) A person commits an offense if he intentionally, knowingly, or recklessly carries on or about his person a handgun, illegal knife or club.

(b) [Except for offenses occurring on premises licensed to sell alcoholic beverages], an offense under this section is a Class A misdemeanor.

TEX.PENAL CODE ANN. § 46.02(a), (b).

Therefore, appellant argues, felony possession of a firearm cannot be enhanced pursuant to the general enhancement provision because the primary offense in this case is already upgraded by the special enhancement provision section 46.05. Appellant cites *Phifer v. State*, 787 S.W.2d 395 (Tex.Crim.App.1990), to support his contention. In *Phifer*, the defendant argued he had been upgraded to habitual pursuant to the general enhancement provision (section 12.42(a)) because a special enhancement provision for enhancement of repeated DWI convictions already existed elsewhere in the Penal Code. *Id.* at 396. The court agreed, and held that prior DWI convictions were not available for enhancement purposes under the general statute (i.e., section 12.42) because they were used for enhancement purposes under a special enhancement provision. *Id.* at 397.

In *Rawlings v. State*, 602 S.W.2d 268 (Tex.Crim.App. [Panel Op.] 1980), the appellant contended a special enhancement provision existed within the Penal Code regarding repeated offenses for misdemeanor theft offenses. *Id.* at 269. The *Rawlings* court held that when a special enhancement provision exists, it controls over the provisions of the general enhancement provisions and that a felony theft of property under TEX.PENAL CODE ANN. § 31.-03(e)(4) (Vernon 1989) may be upgraded under section 12.42(a) or (d) only if the prior felony convictions used for that purpose are for an offense other than theft. *Id.* at 271.

■ Only certain special enhancement provisions within the Penal Code prohibit the use of a prior, like-kind offense to upgrade the primary offense under the general enhancement provision. Both *Rawlings* and *Phifer* stand for the proposi-

tion that when a special enhancement statute provides for the upgrade of the offense charged with an identical prior offense, use of the general enhancement provision is prohibited. In the *Phifer* case, prior DWI offenses upgraded the DWI offense charged under a special enhancement provision. 787 S.W.2d at 396. In the *Rawlings* case, prior theft offenses upgraded the theft offense charged under a special enhancement provision. 602 S.W.2d at 269. Therefore, in both cases, use of the general enhancement provision (section 12.42) was prohibited.

Section 46.05 upgrades the offense of carrying a weapon to a third degree felony when the defendant has previously been convicted of a felony involving an act of violence or threatened violence. TEX.PENAL CODE ANN. § 46.05. Because section 46.05 does not provide for the upgrading of the offense for carrying a weapon with prior offenses of carrying a weapon, *Rawlings* and *Phifer* would not apply to preclude the use of the general enhancement statute. In this case, the upgrade to a third degree felony does not occur as a result of the offender previously having been convicted of the violation of carrying a firearm; it occurs because the offender has previously been convicted of aggravated murder.

Appellant's sole point of error is overruled.

The judgment of the trial court is affirmed.