Jeffries v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-181-CR

     VERNON LEE JEFFRIES,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 248th District Court
Harris County, Texas
Trial Court # 662,524
                                                                                                    

O P I N I O N
                                                                                                    

      This is an appeal by defendant Jeffries from his conviction for aggravated robbery, enhanced
by two prior felony convictions, for which he was assessed sixty years confinement in the
Institutional Division of the Texas Department of Criminal Justice.
      Defendant was charged by indictment with the offense of aggravated robbery. He pled "not
guilty," but a jury found him guilty. Defendant then pled "true" to two enhancement paragraphs. 
The jury assessed punishment at sixty years confinement.
      On the night of April 21, 1993, Juan Castro heard a knock at the door of his apartment. A
guest who was present opened the door. Defendant and another man were standing outside the
door. Defendant identified himself as a police officer and showed a badge. He then stepped inside
the apartment and pulled his jacket aside revealing a gun in the waist band of his pants. Castro
was afraid that defendant would shoot him. Defendant picked up Castro's television set and left. 
Castro followed defendant to another apartment in the complex and noted that he entered
apartment 37. He then called the police who arrived and found defendant and the television inside
apartment 37. Castro identified defendant as the man who came to his apartment and took his
television.
      As noted, defendant pled "true" to the two prior felony convictions, was convicted and
assessed a sentence of 60 years. He appeals on three points.
      Point one: "Jeffries' first conviction for aggravated robbery was an essential element of the
offense of possession of a firearm away from the premises where he lived; thus, the conviction for
possession of a firearm away from the premises where he lived would not be used to enhance
punishment in the instant conviction for aggravated robbery and the trial court erred in submitting
same to the jury."
      The enhancement paragraphs read:
Before the commission of the offense alleged above (hereafter styled the primary
offense), on March 14, 1986, in Cause No. 439214 in the 337th District Court of Harris
County, Texas, defendant was convicted of the felony of Aggravated Robbery.
 
Before the commission of the primary offense, and after the conviction in Cause No.
439214 was final, the defendant committed the felony of intentionally and knowingly
possess away from the premises where he lived, a firearm, namely a handgun, and was
convicted on September 26, 1988, in Cause No. 508124 in the 185th District Court of
Harris County, Texas

      Defendant contends these allegations are improper because the conviction for a felon in
possession of a firearm was elevated to felony level only because of his March 1986 conviction
for aggravated robbery; therefore, he argues, the 1986 aggravated robbery conviction essentially
was used twice: (1) as alleged in the first enhancement paragraph and (2) as the underlying
conviction to support his prior conviction for a felon in possession of a firearm.
      Our courts have previously addressed this exact issue and have held that the basis for the
enhancement of punishment is the prior conviction, not the elements of the offense for which
defendant was convicted. Steels v. State, (Tex. App.—Houston [1st Dist.]) 858 S.W.2d 636;
Kincheloe v. State, (Tex. Crim. App.) 553 S.W.2d 364, 366. The aggravated robbery was
therefore not used twice to enhance the conviction here. 
      Point one is overruled.
      Point two: "Jeffries was denied his Sixth Amendment right to effective assistance of counsel,
under the Texas and U.S. Constitutions, because a prior conviction for possession of a firearm was
used to enhance punishment, without objection, and due to other errors of defense counsel."
      For defendant to establish ineffectiveness of counsel to secure a reversal, he must show that
counsel's performance was so deficient that he was not functioning as acceptable counsel under
the Sixth Amendment; that counsel's representation was unreasonable under prevailing
professional norms and that the challenged action was not sound strategy. Strickland v.
Washington, S.Ct., 466 U.S. 668, 687; Kimmel v. Morrison, S.Ct., 477 U.S. 365, 381. If the
defendant meets this burden, the reviewing court must evaluate whether the deficient performance
prejudiced the defendant and resulted in an unfair trial. Strickland, supra; Carr v. State, (Tex.
App.—Houston [14th Dist.]) 694 S.W.2d 123, 125. The defendant must prove his ineffectiveness
claim by a preponderance of the evidence. Moore v. State, (Tex. Crim. App.) 694 S.W.2d 528. 
The issue of ineffectiveness is decided by reviewing the totality of the circumstances and the
representation throughout the trial. Ex parte Carillo, (Tex. Crim. App.) 687 S.W.2d 320. As
previously noted, the enhancement paragraphs alleged in the indictment were proper. An
objection to them would have been without merit. Defense counsel cannot be found ineffective
because he failed to raise a meritless objection. Sims v. State, (Tex. App.—Houston [14th Dist.])
848 S.W.2d 754, 757. From the totality of the record we conclude that defense counsel's
representation of defendant was not ineffective.
      Point two is overruled.
      Point three: "The submission to the jury of article 37.07 § 4(b), Texas Code of Criminal
Procedure, regarding parole laws, constitutes a violation of the separation of the powers doctrine
as well as Jefferies' Sixth Amendment right to a fair trial under the Texas and U.S. Constitutions."
      The trial court, in the punishment phase, submitted an instruction to the jury on parole in the
exact words of article 37.07 § 4, Texas Code of Criminal Procedure. The Court of Criminal
Appeals in Rose v. State, 752 S.W.2d 529 (1987), held that an instruction regarding parole
violated a defendant's right under due course of law and violated the separation of powers
doctrine. However, a constitutional amendment effective November 7, 1989, eliminated the Rose
issue for trials held after that date. This amendment provided:
The Legislature shall by law establish a Board of Pardons and Paroles and shall
require it to keep record of its actions and the reasons for it actions. The Legislature
shall have authority to enact parole laws and laws that require or permit courts to inform
juries about the effect of good conduct time and eligibility for parole or mandatory
supervision on the period of incarceration served by a defendant convicted of a criminal
offense.

      The Court of Criminal Appeals held that this amendment removed the due course of law and
the separations of powers constraints that plagued the statute addressed in Rose. Oakley v. State,
(Tex. Crim. App.) 830 S.W.2d 107, 110-11. The statute is constitutional.
      Point three is overruled. The judgment is affirmed.
 
                                                                                     FRANK G. McDONALD
                                                                                     Chief Justice (Retired)

Before Chief Justice Thomas,
      Justice Vance, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed February 2, 1994
Do not publish