In The


 

Court of Appeals



Ninth District of Texas at Beaumont


 

____________________



NO. 09-02-050 CR


____________________



MICHAEL FORD, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Court Cause No. 81380






MEMORANDUM OPINION


 Appellant was convicted for having committed the third degree felony offense of
Escape. Tex. Pen. Code Ann. § 38.06(a), (c)(1) (Vernon 2003). Three separate
enhancement paragraphs were included in the indictment for purposes of raising appellant's
punishment status to that of a second degree felony. See Tex. Pen. Code Ann. § 12.42(a)(3)
(Vernon Supp. 2004). Appellant asserts the following: 

 1. The evidence was legally insufficient to support the conviction of the
offense of escape. 


 2. The evidence was factually insufficient to support the conviction of the
offense of escape.


 3. The sentence of appellant is illegal, in that punishment was enhanced by
evidence of the same offense or offenses utilized as an element of the primary
offense.


 Appellant's trial strategy hinged on convincing the jury his escape from the Stiles Unit
of the Texas Department of Criminal Justice was justified by the necessity of being
automatically confined to Administrative Segregation, per TDCJ policy, so as to avoid
pervasive exploitation he encountered while residing in the prison's general population. His
assertion of the necessity for the escape is at the center of his first two issues, as explained
by the following argument taken from his brief:

 Foremost appellant complains that the evidence was legally insufficient, and
that there was no evidence before [the] jury to establish that appellant actually
had the intent to escape, when the uncontradicted evidence established that he
was not attempting to actually escape from authorities, but in fact was
attempting to be placed into administrative segregation out of necessity to
preserve his life and wellbeing.


 . . . .


 All of the acts of appellant were consistent with the acts of an innocent
person simply trying to seek help by administrative segregation when prison
officials threatened his life by conscious indifference. 



 Although not the legal standard, appellant submits that a litmus test for
examining the factual sufficiency should exist when the evidence begs the
question of "how in the world did the jury find this man guilty under this
evidence when it was obvious he was trying to get into administrative
segregation out of necessity and not get away from the prison?"


 In evaluating the legal sufficiency of the evidence, a court must view the evidence in
the light most favorable to the verdict and determine whether any rational trier of fact could
have found the elements of the offense proven beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The jury is the exclusive
judge of the credibility of witnesses and of the weight to be given testimony, and it is the
exclusive province of the jury to reconcile conflicts in the evidence. Wesbrook v. State, 29
S.W.3d 103, 111 (Tex. Crim. App. 2000); Jones v. State, 944 S.W.2d 642, 647 (Tex. Crim.
App. 1996). So long as the evidence elicited at trial would permit any rational trier of fact
to find each of the elements of the crime proven beyond a reasonable doubt, the testimony
is legally sufficient evidence. Clewis v. State, 922 S.W.2d 126, 133 n. 12 (Tex. Crim. App.
1996). 

 When called upon to conduct a factual sufficiency review, an appellate court asks
whether a neutral review of all the evidence, both for and against the finding, demonstrates
that the proof of guilt is so obviously weak as to undermine confidence in the jury's
determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed
by contrary proof. King v. State, 29 S.W.3d 556, 563 (Tex. Crim. App. 2000) (citing
Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000)). Because the jury is the sole
judge of the facts, the reviewing court must give deference to its findings. Cain v. State, 958
S.W.2d 404, 407 (Tex. Crim. App. 1997). We may find the evidence factually insufficient
only where necessary to prevent manifest injustice. Id. 

 Appellant signed a written stipulation that on the date of the alleged offense he was
an inmate at the Stiles Unit of the Texas Department of Criminal Justice, Institutional
Division, and that he was lawfully in custody of the Texas Department of Criminal Justice
for having been convicted of a felony offense. The essential elements of the escape offense
were presented at trial through Eddie Williams, assistant warden of the Stiles Unit. The only
element appellant contends is missing from the evidence is proof of his "intent to escape."
The State presented testimony from Warden Williams that appellant was an unlikely
candidate for parole, that appellant knew this, and that appellant's flight into a wooded area
adjacent to the prison was indicative of someone trying to get away from the prison rather
than trying to be confined to administrative segregation. "Intent" is a fact-issue which is
usually established by circumstantial evidence and inferred from the acts, words, and conduct
of the accused. See Moore v. State, 969 S.W.2d 4, 10 (Tex. Crim. App. 1998) (mental
culpability usually inferred from circumstances surrounding an act); Dues v. State, 634
S.W.2d 304, 305 (Tex. Crim. App. 1982) (intent inferred from accused's acts, words,
conduct). In determining the legal sufficiency of the evidence to show an appellant's intent,
and faced with a record that supports conflicting inferences, we "must presume -- even if it
does not affirmatively appear in the record -- that the trier of fact resolved any such conflict
in favor of the prosecution, and must defer to that resolution." Matson v. State, 819 S.W.2d
839, 846 (Tex. Crim. App. 1991) (quoting in part from Jackson, 443 U.S. at 326, 99 S.Ct.
at 2793). The verdict may not be overturned unless it is irrational or unsupported by proof
beyond a reasonable doubt. Id. 

 Proof of an "unauthorized departure from custody" as alleged under section 38.06(a),
and as defined under section 38.01(1) & (2) of the Texas Penal Code, proves an
accomplished escape. See Lawhorn v. State, 898 S.W.2d 886, 890 (Tex. Crim. App. 1995). 
The Court in Lawhorn reaffirmed the following rationale taken from Fitzgerald v. State, 782
S.W.2d 876 (Tex. Crim. App. 1990):

 Thus Appellant with his cohorts committed the felony offense of escape by
moving beyond the bounds of the Beto II Unit without authority, and his
offense was complete at that point . . . . In every statutory sense, then, the
moment he was outside the confines of the penitentiary his escape was fait
accompli. 


See Lawhorn, 898 S.W.2d at 890 (quoting Fitzgerald, 782 S.W.2d at 879).

 From a legal sufficiency standpoint, any rational trier of fact could have found each
of the elements of escape proven beyond a reasonable doubt. As for the factual sufficiency
of appellant's intent, a neutral examination of the entire record does not demonstrate that the
jury's finding of guilt is so obviously weak as to undermine confidence in its verdict, nor
does appellant's presentation of an alternative "intent" greatly outweigh the State's proof of
the completed criminal offense of escape. Appellant says administrative segregation was his
ultimate goal. Escape -- an unauthorized departure from custody -- was evidently his means
to this end. The evidence established appellant intentionally and knowingly fled from
custody without permission and was ultimately placed in administrative segregation. (1) Issues
one and two are overruled. 

 Appellant's remaining issue contends the sentence he received was illegal because the
punishment was enhanced by evidence of the same offense or offenses used as an element
of the escape charge. The indictment alleged in part that appellant did "intentionally and
knowingly escape from the custody of Eddie Williams, who was then and there Warden of
the Stiles Unit of the Texas Department of Criminal Justice, Institutional Division, when the
defendant was convicted of a felony[.]" The record contains no pretrial motion to quash, nor
any trial objection or motion for new trial alleging the illegality of appellant's sentence. 
Appellant stipulated at trial he was in lawful custody of the Texas Department of Criminal
Justice and was confined to the Stiles Unit for "having been convicted of a felony offense."
Other than the indictment, the only other record evidence of a prior "felony" conviction
appears during the punishment phase of the trial, at which time the State introduced the
penitentiary packets in support of the enhancement allegations, and during the following
testimony of appellant elicited at the beginning of his direct-examination in his case for the
defense:

 Q.[Trial Counsel] And you're presently serving a sentence in T.D.C. [sic]; is
that correct?


 A.[Appellant] Yes, sir. 


 Q. And how long is that sentence?


 A. 75 non-ag.


 Q. And what is that sentence for?


 A. Murder, first degree.


 Q. Do you have any other criminal charges?


 A. Yes, sir.


 Q. And what are those?


 A. I have a burglary and a violation of probation for burglary of a motor
vehicle.


 Q. And you're serving sentences for those two; correct?


 A. Yes, sir. 


 Q. And all those are being served at the same time.


 A. Yes, sir, concurrent.


 Appellant relies upon several cases applying the general rule that use of a prior
conviction to prove an essential element of an offense bars the subsequent use of that prior
conviction in the same indictment for enhancement purposes. See McWilliams v. State, 782
S.W.2d 871, 875 (Tex. Crim. App. 1990); Wisdom v. State, 708 S.W.2d 840, 845 (Tex. Crim.
App. 1986); Kincheloe v. State, 553 S.W.2d 364, 367 (Tex. Crim. App. 1977); Ramirez v.
State, 527 S.W.2d 542, 544 (Tex. Crim. App. 1975); Garcia v. State, 169 Tex. Crim. 487,
335 S.W.2d 381, 382 (1960); Wiltz v. State, 787 S.W.2d 511, 512-13 (Tex. App.--Houston
[1st Dist.] 1990, no pet.). In each of the cited cases, the record reflected a specific offense
was pleaded as an element of the offense in the indictment and also specifically used to
enhance punishment. The general rule is that the State may not use a prior conviction to
prove an essential element of its case at trial and then use that same conviction to enhance
punishment for the offense being tried. 

 The elements of an offense must be charged in the indictment, submitted to the jury,
and proven by the State beyond a reasonable doubt. Jones v. U.S., 526 U.S. 227, 232, 119
S.Ct. 1215, 143 L.Ed.2d 311 (1999); In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d
368 (1970). The elements of an offense are defined as the forbidden conduct, the required
culpability, any required result, and the negation of any exception to the offense. Tex. Pen.
Code Ann. § 1.07(a)(22) (Vernon Supp. 2004). Section 38.06 of the Texas Penal Code
includes the following language:

 (a) A person commits an offense if he escapes from custody when he is:

 (1) under arrest for, charged with, or convicted of an offense; .
. . .


 (c) An offense under this section is a felony of the third degree if the actor: 

 (1) is under arrest for, charged with, or convicted of a felony[.] 


 In State v. Mason, 980 S.W.2d 635 (Tex. Crim. App. 1998), the defendant was
charged with the offense of unlawful possession of a firearm by a felon. Id. at 636. The trial
court granted the defendant's motion to quash the indictment, ruling that the indictment
failed to prove the date of the prior felony conviction as that conviction was an essential
element of the offense of felon in possession of a firearm. Id. The court of appeals affirmed
the trial court's ruling, and the State sought discretionary review. Id. The Court of Criminal
Appeals held that for purposes of unlawful possession of a firearm by a felon only the
defendant's status as a felon is an element of the offense. Id. at 640. "We conclude the
Legislature did not intend for the date of the prior conviction to be considered an element of
§ 46.04. Instead, we conclude the Legislature intended for only a defendant's status as a
felon to be an element of § 46.04." Id. at 641. See also Cannady v. State, 11 S.W.3d 205,
208 (Tex. Crim. App. 2000); Moore v. State, 38 S.W.3d 232, 235-36 (Tex. App.--Texarkana
2001, pet. ref'd). 

 Similarly, the State was only required to allege and prove here appellant's status as
a "felon" to satisfy the language of section 38.06. The record establishes appellant had three
prior felonies. Only one was necessary to support his conviction. One of the other two prior
felony convictions could be used to enhance the third degree escape charge to a second
degree punishment range under section 12.42(a)(3). Under the facts and circumstances of
this case, we do not find any error requiring reversal. Issue three is overruled. The judgment
and the sentence of the trial court are affirmed. 

 AFFIRMED. 

 PER CURIAM

 


Submitted on March 24, 2004

Opinion Delivered April 7, 2004

Do Not Publish


Before McKeithen, C.J., Burgess, and Gaultney, JJ.

1. As the "necessity" defense was not submitted to the jury by an alternative application
paragraph in the trial court's instructions, and there is no issue assigning error, it is not part
of the analyses of evidentiary sufficiency. See Zuliani v. State, 97 S.W.3d 589, 593-95 (Tex.
Crim. App. 2003); Barrera v. State, 982 S.W.2d 415 (Tex. Crim. App. 1998).