Opinion filed April 6, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed April 6, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00076-CR 

                                                     __________

 

                 JERRY
LEE KERSHAW A/K/A JERRY DAVIS, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 104th District Court

 

                                                          Taylor
County, Texas

 

                                                 Trial
Court Cause No. 14,624-B

 



 

                                                                   O
P I N I O N

 








The jury convicted Jerry Lee Kershaw a/k/a Jerry
Davis of two offenses:  possession of
cocaine with intent to deliver (a first degree felony) and possession of
cocaine (a second degree felony).  See
Tex. Health & Safety Code Ann. ' 481.102(3)(D) (Vernon Supp. 2005), '' 481.112(a), (d), 481.115(a),
(d) (Vernon 2003).  Upon making a finding
of Atrue@
to a prior felony alleged by the State for enhancement purposes, the trial
court sentenced appellant to confinement 
in the Institutional Division of the Texas Department of Corrections for
terms of 18 years on both counts with the sentences to be served concurrently.  We affirm the conviction for possession with
intent to deliver and reverse the conviction for possession.

                                                               Background
Facts

Officer Adam Lopez of the Abilene Police
Department observed a vehicle being driven in a high drug activity area at approximately
9:30 p.m. on December 21, 2002, with an inoperative license plate light.  Officer Lopez ran a computer check on the
vehicle=s license
plate prior to stopping it.  The computer
check revealed that the vehicle=s
registration had expired.  The check also
revealed that the vehicle was involved in appellant=s
arrest for possession of a controlled substance approximately one month to six weeks
earlier.

After stopping the vehicle, Officer Lopez
determined that appellant was the driver. 
Officer Lopez further determined that appellant did not have a valid
driver=s
license.  Upon making his initial contact
with appellant, Officer Lopez requested the assistance of a canine unit to aid
with the stop.  He based this request on
the proximity of the vehicle to a high drug activity area and appellant=s previous arrest for narcotics.

The canine unit arrived at the location
approximately four to five minutes later. 
Officer Lopez testified that he had not completed writing the traffic
citations he intended to issue  appellant
prior to the arrival of the canine unit. 
The dog alerted on the driver=s
side door of the vehicle during a Afree
air sniff@
conducted around it.  The canine officer,
Kevin Easley, searched the interior of the vehicle after the dog alerted on the
car=s exterior.  His search of the vehicle did not reveal any
contraband.  However, the dog alerted on
the driver=s seat
during the interior search of the vehicle. 
While Officer Easley searched inside of the vehicle, Officer Lopez
conducted a pat-down search of appellant. 
As Officer Lopez patted down appellant=s
leg, several off-white rock-like items fell out of his pants onto the
street.  

                                                            Double
Jeopardy Issue








The parties presented a double jeopardy issue to
the court at oral argument which was not addressed in the briefs filed in this
appeal.[1]  As noted previously, the jury convicted
appellant of two offenses:  possession of
cocaine with the intent to deliver and possession without any specified intent.  Both 
of the offenses are supported by the same physical evidence C approximately thirty-five off-white
rock-like substances with a combined weight of 8.71 grams which Officer Lopez
seized from appellant on December 21, 2002. 
Appellant contends that he cannot be convicted of two possession
offenses for possessing the same quantity of a controlled substance on a single
occasion.  See Lopez v. State, 108
S.W.3d 293, 298-99 (Tex. Crim. App. 2003).

The Fifth Amendment protects against multiple
punishments for the same offense.  Id.
at 295-96.   The court of criminal
appeals held in Lopez that a defendant cannot be prosecuted for both
delivery of a controlled substance and possession of a controlled substance
with the intent to deliver when the charged offenses involve the same
substance.  Id. at 299.  The reasoning in Lopez

is applicable to this case because both of the possession
offenses involve the same substance.  

The State acknowledged at oral argument that the
conviction of appellant for multiple possession offenses under the facts of
this case violates double jeopardy.[2]  Pursuant to the State=s concession, appellant=s conviction for the second degree
felony of possession of cocaine under Section 481.115 of the Texas Health and
Safety Code is reversed, and a judgment of acquittal is rendered on this
conviction.

                                                               Motion
to Suppress

In his first issue, appellant contends that the
trial court erred in overruling his pretrial motion to suppress the physical
evidence which Officer Lopez seized from him. 
Appellant does not contest the reasonableness of Officer Lopez=s decision to initiate the traffic
stop.  However, he challenges the
duration of the stop.   He asserts that
Officer Lopez lacked sufficient justification for continuing his detention
while waiting on the canine unit to arrive.








In reviewing a trial court=s
ruling on a motion to suppress, appellate courts must give great deference to
the trial court=s
findings of historical facts as long as the record supports the findings. Guzman
v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  Because the trial court is the exclusive
fact-finder, the appellate court reviews evidence adduced at the suppression
hearing in the light most favorable to the trial court=s
ruling. Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App.  2000). We also give deference to the trial
court=s rulings
on mixed questions of law and fact when those rulings turn on an evaluation of
credibility and demeanor. Guzman, 955 S.W.2d at 89. Where such rulings
do not turn on an evaluation of credibility and demeanor, we review the trial
court=s actions
de novo.  Id.; Davila v. State,
4 S.W.3d 844, 847-48 (Tex. App.C
Eastland 1999, no pet.). Absent a showing of an abuse of discretion, the trial
court=s finding
should not be disturbed. Maddox v. State, 682 S.W.2d 563, 564 (Tex.
Crim. App. 1985).

 An
investigative detention must be temporary and last no longer than is necessary
to effectuate the purpose of the stop.  Davis
v. State, 947 S.W.2d 240, 245 (Tex. Crim. App. 1997).  During an investigative traffic stop, an
officer is entitled to request information concerning the driver=s license, ownership of the vehicle,
and the driver=s
insurance information. See id. at 245 n.6; McQuarters v.
State, 58 S.W.3d 250, 255-56 (Tex. App.CFort
Worth 2001, pet. ref=d).  An officer is also permitted to check for
outstanding warrants.  See Davis,
947 S.W.2d at 245 n.6. Once an officer concludes the investigation of the
conduct that initiated the stop, the continued detention of a person is
permitted only if there is reasonable suspicion to believe another offense has
been or is being committed.  Id.
at 245. 

Appellant contends that Officer Lopez lacked
reasonable suspicion to continue detaining 
him while awaiting for the arrival of the canine unit.  He cites McQuarters in support of his
contention.  The police officer in McQuarters
stopped a driver for a suspected traffic violation.  58 S.W.3d at 255.  The officer did not seek to conduct a canine
search of the vehicle until after he issued two traffic warnings to the
driver.  Id. at 256.  Since the officer had effectuated the initial
purpose of the stop when he issued the warnings to the driver, the court of
appeals examined the record to determine if the officer had reasonable
suspicion for further detaining the driver. 
Id. at 256-58.   The court
concluded that the officer did not have a sufficient basis for continuing the
driver=s
detention after issuing the traffic warnings. 
Id.








The analysis used in McQuarters is not
applicable to this appeal.  Unlike the
situation in McQuarters, the canine search of appellant=s vehicle occurred prior to Officer
Lopez=s
issuance of the traffic citations to appellant. 
We note that the canine search occurred within a relatively short amount
of time after Officer Lopez initiated the stop. Thus, the canine search
occurred before the completion of Officer Lopez=s
work in effectuating the initial purpose of the stop.  Officer Lopez=s
original basis for initiating the stop constituted a sufficient justification
for appellant=s
detention at the time the canine search occurred.  Appellant=s
first issue is overruled.  

                                                    Objection
to the Court=s Charge

In his second issue, appellant asserts that the
trial court erred in overruling his objection to the inclusion of the statutory
definition of Acontrolled
substance@ in the
court=s
charge.  See Tex. Health & Safety Code Ann. ' 481.002(5) (Vernon Supp. 2005).  Appellant bases his argument on the
contention that the statutory definition of Acontrolled
substance@ is
unconstitutionally vague and unintelligible. 
We  disagree.[3]


When reviewing the constitutionality of a statute,
we presume that the statute is valid and that the legislature has not acted
unreasonably or arbitrarily in enacting it. Ex parte Granviel, 561
S.W.2d 503, 511 (Tex. Crim. App. 1978). The burden is on the party challenging
the statute to establish that it is unconstitutional. Granviel, 561
S.W.2d at 511. In order to establish that a statute is unconstitutional on its
face, the challenger must establish that no set of circumstances exists under
which the statute would be valid.  Briggs
v. State, 740 S.W.2d 803 (Tex. Crim. App. 1987). A person who engages in
some conduct that is clearly proscribed cannot complain of the vagueness of the
law as applied to the conduct of others. Vill. of Hoffman Estates v.
Flipside, Hoffman Estates, Inc., 455 U.S. 489 (1982); Bynum v. State,
767 S.W.2d 769, 774 (Tex. Crim. App. 1989). Accordingly, when challenging a
statute for vagueness, a defendant must show that the statute as it applies to
him in his situation is unconstitutional. Bynum, 767 S.W.2d at 774; Briggs,
740 S.W.2d at 803.








A criminal statute is not vague if (1) it gives a
person of ordinary intelligence a reasonable opportunity to know what conduct
is prohibited and (2) it provides sufficient notice to law enforcement to
prevent arbitrary or discriminatory enforcement. Grayned v. City of
Rockford, 408 U.S. 104, 108‑09 (1972); State v. Edmond, 933
S.W.2d 120, 125 (Tex. Crim. App. 1996); Long v. State, 931 S.W.2d 285,
287 (Tex. Crim. App. 1996). A statutory provision need not be mathematically
precise; it need only give fair warning in light of common understanding and
practices. Grayned, 408 U.S. at 110.

In this case, appellant possessed several
rock-like substances containing cocaine. 
The evidence indicated that each of the rock-like pieces constituted a
usable unit of cocaine to be smoked in a crack pipe.  The statute clearly provided that it was
illegal to possess a controlled substance and that the aggregate weight of any
mixture or solution would be used to determine the amount of controlled
substance possessed. We hold that appellant has not established that Section
481.002(5) is unconstitutionally vague as applied to him in his situation.  Moreover, the language in Section 481.002(5)
clearly states that the term Acontrolled
substance@ Aincludes the aggregate weight of any
mixture, solution, or other substance containing a controlled substance.@ A person of ordinary intelligence
should know what conduct is prohibited given the definition of controlled
substance in Section 481.002(5). Furthermore, the definition is sufficient to
notify law enforcement and to prevent the arbitrary or discriminatory
enforcement of the statute.  Appellant=s second issue is overruled.

                                  Sufficiency
of the Indictment=s
Enhancement Allegation

Appellant asserts that the trial court erred in
denying his AMotion to
Quash Prior Conviction Alleged for Enhancement.@  The indictment contained the following
enhancement allegation:

AND THE GRAND JURORS AFORESAID, do further present
that prior to the commission by the said JERRY LEE KERSHAW AKA JERRY DAVIS of
the offense which is hereinabove charged against him, he, the said JERRY LEE
KERSHAW AKA JERRY DAVIS was duly and legally convicted on the 16th day of
January, 1998 in the 42nd District Court of Taylor County, Texas of a felony
offense, to-wit: POSSESSION OF COCAINE in Cause Number 17794-A, said Cause
being styled the State of Texas vs. JERRY DAVIS, being one and the same as the
said JERRY LEE KERSHAW AKA JERRY DAVIS, and after the judgment of conviction
had become final against him, he, the said JERRY LEE KERSHAW AKA JERRY DAVIS
committed the offense hereinabove alleged.       

 








He contends that the enhancement allegation was insufficient
because it did not allege the degree of felony of the prior conviction for possession
of cocaine.  Appellant argues that the
allegation is defective because it seems to permit a state jail felony
conviction for possession of cocaine to enhance the applicable punishment range
for a first degree felony.  See Tex. Pen. Code Ann. ' 12.42(c)(1), (e) (Vernon Supp.
2005).  We note that appellant does not
allege that he was convicted of a state jail felony in Cause No. 17794-A.  To the contrary, the documents from Cause No.
17794-A indicate that appellant was convicted of third degree possession of
cocaine in the previous proceeding. 
Appellant=s
complaint is solely directed to the manner in which the indictment=s enhancement allegation described his
previous conviction.   

The guilt/innocence phase of
appellant=s jury
trial occurred on January 10 and 11, 2005. 
The sentencing hearing occurred on February 17, 2005.  Appellant did not file his motion to quash
the indictment until the day prior to the sentencing hearing.  The State argues that appellant waived any
error concerning the sufficiency of the language of the indictment by not
filing  his motion to quash the
indictment prior to trial.  We
agree.  

Ordinarily, a complaint
regarding the adequacy of an indictment must be raised before trial to preserve
the issue for appellate review.  See
Tex. Code Crim. Pro. Ann. art.
1.14(b) (Vernon 2005);  Sanchez v.
State, 120 S.W.3d 359, 364 (Tex. Crim. App. 2003); Steadman v. State,
160 S.W.3d 582, 584 (Tex. App.CWaco
2005, pet. ref=d).  Appellant asserts that he was excused from
the requirements of Article 1.14(b) under the holdings in Steels v. State,
858 S.W.2d 636, 637 (Tex. App.CHouston
[1st Dist.] 1993, pet. ref=d),
and Wiltz v. State, 787 S.W.2d 511, 513 (Tex. App.CHouston [1st Dist.] 1990, no
pet.).  Steels and Wiltz
are distinguishable because the defendants in those cases were not complaining
that the prior convictions were inadequately described in their respective
indictments.  Instead, they were arguing
that the alleged prior convictions could not be used for enhancement purposes.
Since appellant is arguing that the indictment=s
enhancement allegation was defective, he was required to raise the complaint by
filing a pretrial motion.  See
Steadman, 160 S.W.3d at 585.








Moreover, the State is not required to allege
prior convictions for enhancement of punishment with the same particularity
that is required in charging the primary offense.  Freda v. State, 704 S.W.2d 41, 42 (Tex.
Crim. App. 1986).  As the court of
criminal appeals held in Morman v. State, 75 S.W.2d 886, 887 (Tex. Crim.
App. 1934)(per curiam), overruled on other grounds, Rooks v. State, 576
S.W.2d 615 (Tex. Crim. App. 1978), an Aaccused
is entitled to a description of the judgment of former conviction that will
enable him to find the record and make preparation for a trial of the question
whether he is the convict named therein.@  The enhancement allegation in this case
provided appellant with ample information regarding the previous felony
conviction alleged by the State.  It
informed appellant of the court in which the conviction was obtained, the time
of the conviction, and the nature of the offense.  See Hollins v. State, 571 S.W.2d 873, 876
(Tex. Crim. App. 1978).  Appellant=s third issue is overruled.  

                                                               This
Court=s Ruling

The portion of the trial court=s judgment convicting appellant of
second degree possession of cocaine is reversed, and a judgment of acquittal is
rendered.  The portion of the judgment
convicting appellant of first degree possession of cocaine with intent to
deliver is affirmed.

 

TERRY McCALL

JUSTICE

 

April 6, 2006

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of: Wright, C.J., and

McCall,
J., and Strange, J.











[1]A double jeopardy claim may be raised for the first
time on appeal when (1) the undisputed facts show the double jeopardy violation
is clearly apparent on the face of the record and (2) the enforcement of the
usual rules of procedural default serves no legitimate state interests. See
Gonzalez v. State, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000).





[2]The State discovered the double jeopardy violation
during the pendency of this appeal and advised appellant=s counsel of the problem prior to oral argument.   We commend the State for bringing this
matter to the attention of the court and opposing counsel.  





[3]We have previously held that a hypothetically correct
jury charge would include the definition of Acontrolled
substance@ found in Section 481.002(5).  Lilly v. State, 119 S.W.3d 900,
905  (Tex. App.CEastland 2003, pet. ref=d); see
Malik v. State, 953 S.W.2d 234 (Tex. Crim. App. 1997).