IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00262-CR

 

Michael Anthony Lopez,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 361st District Court

Brazos County, Texas

Trial Court No. 06-00154-CRF-361

 



ORDER










 

            Michael Lopez was charged with murder. 
He was found guilty and punishment was assessed at 75 years in prison.  Lopez
appealed.

            Lopez filed his notice of appeal with
the trial court on August 11, 2006.  The reporter’s record was due September 19, 2006.  See Tex. R. App. P.
35.2.  This Court, through the Court Clerk, tried for over a year to obtain the
reporter’s record so that the appeal could proceed.  On November 14, 2007, it became necessary for the Court to abate this appeal to the trial court to:  1)
conduct a hearing within 21 days from the date of the Order; and (2) prepare
and tender to the trial court clerk written findings of fact and conclusions of
law and a signed, written order consistent with the Order within 28 days from
the date of the Order.  Six days late, a supplemental clerk’s record was filed
on December 18, 2007 containing the trial court’s written order from the
hearing.  In the trial court’s written order, dated December 4, 2007, the former official reporter for the trial court, Susan Rainwater, was ordered to
file the reporter’s record with this Court by December 31, 2007.  The record has never been filed.

            On January 23, 2008, the appeal was reinstated and again ordered abated for the trial court to determine whether
to hold the former official reporter in contempt for failing to comply with the
trial court’s December 4, 2007 order.  The trial court was ordered to take
whatever actions it deemed appropriate to ensure the record on the merits was
timely filed with this Court.  See Tex.
R. App. P. 35.3(c).  The trial court was also ordered to prepare and
tender to the trial court clerk written findings of fact and conclusions of law
and a written order consistent with the Order within 21 days from the date of
the Order.  The trial court clerk was ordered to prepare and file a
supplemental clerk’s record containing a copy of the trial court’s findings of
fact and conclusions of law and the trial court’s written order with the Clerk
of this Court within 28 days from the date of the Order.  More than 28 days
passed and no supplemental clerk’s record was filed.  When contacted by this
Court’s Clerk, the trial court clerk informed the Clerk that the trial court clerk
was waiting on the trial court to provide the necessary items.  We finally
received the Findings on March 10, 2007.  The trial court found that the
reporter explained her most recent failure to provide the record was that
because of a Texas Reporter’s Association hearing, “the deadline for the
reporter’s record is Monday, February 25, 2008.”  The trial court determined that
the court reporter would not be held in contempt “and that no action is needed
by this [trial] court.”  The record, however, was not filed by February 25,
2008.  On March 4, 2008, we received a letter from Rainwater in connection with
another long overdue record in which this Court was about to hold a contempt
hearing.  In that letter, Rainwater represented the reporter’s record in this
proceeding would be filed on March 11, 2008.  It is now March 12, 2008 and the
record that was due a year and 5 months ago has still not been filed.

            This appeal has become unnecessarily
delayed because of the actions of the trial court and the former official
reporter in failing to ensure the timely filing of the reporter’s record in
this appeal.

            Therefore, this appeal is reinstated. 
The parties are ordered to submit briefs and any appropriate motions regarding 1)
the failure of the reporter to timely file the reporter’s record; and 2) the
inability of this Court to obtain the reporter's record on appeal, within 21 days
from the date of this Order.  The parties will be allowed 7 days to respond to
each other’s briefs and motions.  Motions for extension of time to file briefs,
motions, or responses are discouraged.

 

                                                                        PER
CURIAM

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

Order
issued and filed March 12, 2008

Do
not publish






arch 1986 conviction
for aggravated robbery; therefore, he argues, the 1986 aggravated robbery conviction essentially
was used twice: (1) as alleged in the first enhancement paragraph and (2) as the underlying
conviction to support his prior conviction for a felon in possession of a firearm.
      Our courts have previously addressed this exact issue and have held that the basis for the
enhancement of punishment is the prior conviction, not the elements of the offense for which
defendant was convicted. Steels v. State, (Tex. App.—Houston [1st Dist.]) 858 S.W.2d 636;
Kincheloe v. State, (Tex. Crim. App.) 553 S.W.2d 364, 366. The aggravated robbery was
therefore not used twice to enhance the conviction here. 
      Point one is overruled.
      Point two: "Jeffries was denied his Sixth Amendment right to effective assistance of counsel,
under the Texas and U.S. Constitutions, because a prior conviction for possession of a firearm was
used to enhance punishment, without objection, and due to other errors of defense counsel."
      For defendant to establish ineffectiveness of counsel to secure a reversal, he must show that
counsel's performance was so deficient that he was not functioning as acceptable counsel under
the Sixth Amendment; that counsel's representation was unreasonable under prevailing
professional norms and that the challenged action was not sound strategy. Strickland v.
Washington, S.Ct., 466 U.S. 668, 687; Kimmel v. Morrison, S.Ct., 477 U.S. 365, 381. If the
defendant meets this burden, the reviewing court must evaluate whether the deficient performance
prejudiced the defendant and resulted in an unfair trial. Strickland, supra; Carr v. State, (Tex.
App.—Houston [14th Dist.]) 694 S.W.2d 123, 125. The defendant must prove his ineffectiveness
claim by a preponderance of the evidence. Moore v. State, (Tex. Crim. App.) 694 S.W.2d 528. 
The issue of ineffectiveness is decided by reviewing the totality of the circumstances and the
representation throughout the trial. Ex parte Carillo, (Tex. Crim. App.) 687 S.W.2d 320. As
previously noted, the enhancement paragraphs alleged in the indictment were proper. An
objection to them would have been without merit. Defense counsel cannot be found ineffective
because he failed to raise a meritless objection. Sims v. State, (Tex. App.—Houston [14th Dist.])
848 S.W.2d 754, 757. From the totality of the record we conclude that defense counsel's
representation of defendant was not ineffective.
      Point two is overruled.
      Point three: "The submission to the jury of article 37.07 § 4(b), Texas Code of Criminal
Procedure, regarding parole laws, constitutes a violation of the separation of the powers doctrine
as well as Jefferies' Sixth Amendment right to a fair trial under the Texas and U.S. Constitutions."
      The trial court, in the punishment phase, submitted an instruction to the jury on parole in the
exact words of article 37.07 § 4, Texas Code of Criminal Procedure. The Court of Criminal
Appeals in Rose v. State, 752 S.W.2d 529 (1987), held that an instruction regarding parole
violated a defendant's right under due course of law and violated the separation of powers
doctrine. However, a constitutional amendment effective November 7, 1989, eliminated the Rose
issue for trials held after that date. This amendment provided:
The Legislature shall by law establish a Board of Pardons and Paroles and shall
require it to keep record of its actions and the reasons for it actions. The Legislature
shall have authority to enact parole laws and laws that require or permit courts to inform
juries about the effect of good conduct time and eligibility for parole or mandatory
supervision on the period of incarceration served by a defendant convicted of a criminal
offense.

      The Court of Criminal Appeals held that this amendment removed the due course of law and
the separations of powers constraints that plagued the statute addressed in Rose. Oakley v. State,
(Tex. Crim. App.) 830 S.W.2d 107, 110-11. The statute is constitutional.
      Point three is overruled. The judgment is affirmed.
 
                                                                                     FRANK G. McDONALD
                                                                                     Chief Justice (Retired)

Before Chief Justice Thomas,
      Justice Vance, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed February 2, 1994
Do not publish