**David Ray BARKER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–09–00750–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 15, 2011.

Discretionary Review Refused June 22, 2011.

---

7. *Ford v. State*, 305 S.W.3d 530, 533 (Tex. Crim.App.2009) (citations omitted).

8. *See Leday v. State*, 983 S.W.2d 713, 718 (Tex.Crim.App.1998).

Patrick McCann, Houston, for Appellant.

David Christopher Newell, for Appellee.

Panel consists of Justices SEYMORE, BOYCE, and CHRISTOPHER.

## OPINION

CHARLES W. SEYMORE, Justice.

Pursuant to a plea bargain, appellant pleaded "guilty" to the offense of failure to comply with registration requirements of the Texas Sex Offender Registration Program ("SORP")[1] and "true" to an enhancement allegation. The trial court sentenced appellant to six-years' confinement. In seven issues, appellant contends SORP violates certain constitutional provisions and his punishment was improperly enhanced. We affirm.

### I. BACKGROUND

In 2001, appellant was convicted twice of indecency with a child by contact. As explained below, appellant is required to comply with certain quarterly registration requirements for life pursuant to SORP. In February 2008, appellant was charged with the second-degree felony of failure to comply with registration requirements.

See Tex.Code Crim. Proc. Ann. art. 62.102(b)(3) (West 2006). The indictment also contained an enhancement allegation that appellant was convicted of aggravated assault on January 24, 2001. If proved, the enhancement would raise appellant's punishment range to that of a first-degree felony. See Tex. Penal Code Ann. § 12.42(b) (West Supp.2009).

### II. PRESERVATION OF CONSTITUTIONAL ISSUES

■ In issues one through five, appellant contends specific provisions of SORP are unconstitutional. In his first and second issues, appellant argues that SORP violates his equal protection rights under the United States and Texas constitutions, both on its face (because he is required to register quarterly for life unlike other sex offenders) and as applied to him (because the "registration requirements . : . made it impossible [for] him to find consistent employment and permanent housing," without which he could not obtain an identification card necessary to register).[2]

We conclude appellant preserved his "facial" equal protection challenge under the United States Constitution by raising, and receiving an adverse ruling on, the issue. See Tex.R.App. P. 33.1. However, we will not address appellant's equal protection challenge under the Texas Constitution because he does not provide any argument or authority explaining how equal protection guarantees under the Texas Constitution differ from those under the United States Constitution. See Arnold v. State, 873 S.W.2d 27, 33 & n. 4 (Tex.Crim.App.1993). Thus, we overrule appellant's second issue.

1. See Tex.Code Crim. Proc. Ann. arts. 62.001–.408 (West 2006 & Supp.2009).

2. We note that the legislature recently added a provision to SORP concerning registration requirements for registrants who lack a physical address. See Tex.Code Crim. Proc. Ann. art. 62.055(i) (West Supp.2009) (added in 2009 by the 81st Legislature).

■ Moreover, we will not address appellant's "as applied" equal protection arguments. The constitutionality of a statute "as applied" to a defendant cannot be raised in a pretrial motion because resolution of such issue depends upon the facts of the case—facts that can be found only after all the evidence is presented at trial. *See Flores v. State,* 245 S.W.3d 432, 437 & n. 14 (Tex.Crim.App.2008); *id.* at 442–43 & n. 3 (Cochran, J., concurring); *Grant v. State,* 313 S.W.3d 443, 450 (Tex.App.-Waco 2010, no pet.). Moreover, the Court of Criminal Appeals recently held that a trial court has no authority to conduct a pretrial evidentiary hearing to determine an "as applied" challenge. *State ex rel. Lykos v. Fine,* 330 S.W.3d 904, 919 (Tex.Crim.App. 2011) ("Because there is no basis under Texas law to conduct a pretrial evidentiary hearing to determine the 'as applied' constitutionality of a state penal or criminal procedural statute, we conclude that the trial judge does not have legal authority to conduct any such pretrial evidentiary hearing and make any such pretrial declaratory judgment."). Thus, we conclude appellant has not preserved an "as applied" challenge and overrule that portion of his first issue.

In his third through fifth issues, appellant argues SORP violates his due process rights under the United States and Texas constitutions and the Texas Constitution's prohibition against outlawry. Appellant did not preserve these issues by asserting them below. *See Broxton v. State,* 909 S.W.2d 912, 918 (Tex.Crim.App.1995) ("[E]ven constitutional errors may be waived by failure to object at trial.");

*Dean v. State,* 60 S.W.3d 217, 225–26 (Tex. App.-Houston [14th Dist.] 2001, pet. ref'd) (determining appellant did not preserve argument that SORP violated constitutional prohibition against outlawry).[3] Accordingly, we overrule issues three through five.

### III. EQUAL PROTECTION

■ In his first issue, appellant contends the lifetime registration and notification requirements of SORP violate his equal protection guarantees.

Under the Fourteenth Amendment, no state "shall deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. Equal protection guarantees that "all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985); *Sanders v. Palunsky,* 36 S.W.3d 222, 224–25 (Tex.App.-Houston [14th Dist.] 2001, no pet.). Thus, our initial inquiry when reviewing an equal protection argument is whether the challenged statute treats similarly-situated persons differently. *See Nonn v. State,* 117 S.W.3d 874, 881–82 (Tex.Crim.App. 2003). If it does not, the challenge must fail. *Id.* at 882.

Under SORP, a person convicted of certain sexual offenses, including "a sexually violent offense," has a duty to register as a sex offender until death. *See* Tex.Code Crim. Proc. Ann. art. 62.101(a) (West 2006). "Sexually violent offense" includes indecency with a child by contact. *Id.* art. 62.001(6)(A) (West Supp.2009). Thus, ap-

---

3. During oral argument, appellant contended that we should consider his due process and outlawry issues because the trial court did not limit his right to appeal, but expressly gave permission to appeal all constitutional issues. Appellant argued that article V, section 8 of the Texas Constitution affords district courts unbridled authority to determine which issues

may be appealed. *See* Tex. Const. art. V, § 8. However, this section does not support the proposition that a trial court has authority to determine an issue may be appealed even though it was not properly preserved pursuant to Texas Rule of Appellate Procedure 33.1. Accordingly, we reject appellant's argument.

pellant has a lifetime duty to register as a sex offender because of his convictions for indecency with a child by contact. Furthermore, he is required to register quarterly until death because he was twice convicted of a sexually violent offense. *Id.* art. 62.058(a) (West 2006). Subchapter I of SORP provides procedures for a sex offender to request early termination of his registration requirements. *Id.* arts. 62.401–408 (West 2006). A court may grant early termination if the sex offender establishes he is a low risk for recidivism. *Id.* arts. 62.403–405. However, appellant is ineligible to request early termination because he has two sex offense convictions. *Id.* art. 62.403(b).[4]

Accordingly, appellant must register quarterly for life without the possibility of early termination *because he has been twice convicted of a sexually violent offense.* There is an obvious difference between the non-sexually violent offense of indecency with a child *by exposure* (a third-degree felony not requiring lifetime registration) and the sexually violent offense of indecency with a child *by contact* (a second-degree felony requiring lifetime registration). The latter involves conduct beyond exposure because it involves the offender *touching,* including through clothing, the child's anus, breast, or genitals or the child *touching,* including through cloth-ing, the offender's anus, breast, or genitals. *See* Tex. Penal Code Ann. § 21.11(a), (c) (West Supp.2009).[5] There is also a difference between first-time offenders and offenders who have been convicted twice or more; the latter presents a higher risk for recidivism. Accordingly, appellant has not established that he is treated differently than similarly-situated sex offenders. Nevertheless, we reject appellant's equal protection challenge to SORP even if we assume he established that he has been subjected to disparate treatment.

In addressing constitutional challenges, we begin by presuming the statute is valid and construe it in favor of the State. *Walker v. State,* 222 S.W.3d 707, 710 (Tex. App.-Houston [14th Dist.] 2007, pet. ref'd). The challenger has the burden of establishing unconstitutionality. *Id.* A statutory classification is evaluated under strict scrutiny if it interferes with a fundamental right or discriminates against a suspect class. *Cannady v. State,* 11 S.W.3d 205, 215 (Tex.Crim.App.2000) (citing *Kadrmas v. Dickinson Public Schools,* 487 U.S. 450, 458, 108 S.Ct. 2481, 101 L.Ed.2d 399 (1988); *Henderson v. State,* 962 S.W.2d 544, 560 (Tex.Crim.App.1997)). If a statutory classification does not interfere with a fundamental right or discriminate against a suspect class, it need only be rationally related to a legitimate governmental pur-

---

4. Under a former version of SORP, a sex offender in appellant's situation could petition the court for an "order exempting [him] from the lifetime registration requirement," which the court had the discretion to grant "if it appears by a preponderance of the evidence as presented by not fewer than two registered sex offender treatment providers and a licensed psychiatrist that" the offender received treatment, is unlikely to commit another offense, and "no longer poses a significant threat to the community." Act of June 1, 1997, 75th Leg., R.S., ch. 668, § 1, 1997 Tex. Gen. Laws 2253, 2261. However, this provision was repealed in 1999. Act of May 29, 1999, 76th Leg., R.S., ch. 1415, § 25, 1999 Tex. Gen. Laws 4831, 4841. SORP was amended and renumbered in 2005. *See* Act of May 24, 2005, 79th Leg., R.S., ch. 1008, § 1.01, 2005 Tex. Gen. Laws 3385 (current version at Tex.Code Crim. Proc. Ann. arts. 62.001–.408).

5. However, a person convicted of indecency with a child by exposure has a lifetime registration requirement when, before or after his conviction, he is convicted of another offense requiring registration. *See* Tex.Code Crim. Proc. Ann. art. 62.101(3). This is yet another example of how repeat offenders are treated equally under SORP.

pose to survive an equal protection challenge. *Id.* (citing *Henderson*, 962 S.W.2d at 560).

■ Appellant contends we should apply the "strict scrutiny" test because SORP creates a suspect class of individuals, namely, those who must register as sex offenders for life with no mechanism for determining whether they have been rehabilitated. Stated differently, appellant argues that sex offenders who are required to register for life have no hope of living a normal life outside of public scorn and, thus, comprise a suspect class. Appellant cites no authority supporting this argument. A federal court of appeals has held, "Convicted sex offenders are not a suspect class." *Cutshall v. Sundquist*, 193 F.3d 466, 482 (6th Cir.1999). Although *Cutshall* did not specifically involve a *lifetime* registration requirement, we conclude that sex offenders are not a suspect class regardless of the duration of their registration requirement. "The United States Supreme Court has found the basis for finding a suspect class to be 'immutable characteristics' over which a person has no control: race, gender, and national origin." *Flores v. State*, 904 S.W.2d 129, 130 (Tex. Crim.App.1995) (citing *Frontiero v. Richardson*, 411 U.S. 677, 686, 93 S.Ct. 1764, 36 L.Ed.2d 583 (1973) (plurality op.)). An "immutable characteristic" may be defined as a characteristic that "bears no relation to ability to perform of contribute to society." *Frontiero*, 411 U.S. at 686, 93 S.Ct. 1764. In appellant's case, the fact that he has twice been convicted of sexually violent offenses *does* bear on his ability to perform and contribute to society. We decline to hold that appellant is a member of a suspect class because he has a lifetime registration obligation as a sex offender. Additionally, reputational damage caused by having to register as a sex offender does not violate a fundamental right. *See, e.g., U.S. v. Ambert*, 561 F.3d 1202, 1209 (11th Cir.2009); *Doe v. Tandeske*, 361 F.3d 594,

597 (9th Cir.2004) (per curiam). Accordingly, we will determine whether appellant's classification under SORP is rationally related to a legitimate governmental purpose.

Those attacking the rationality of a legislative classification have the burden to negate every conceivable basis that might support it. *Tarlton v. State*, 93 S.W.3d 168, 176 (Tex.App.-Houston [14th Dist.] 2002, pet. ref'd) (citing *Anderer v. State*, 47 S.W.3d 60, 66 (Tex.App.-Houston [14th Dist.] 2001, pet. ref'd)). We apply a highly deferential standard of review to equal protection claims of this nature. *Id.* Under this standard we must be extremely respectful of legislative determinations and will not invalidate a statute unless distinctions are drawn that simply make no sense. *Id.* Further, we will uphold a statute as long as it implements any rational purpose, even if the legislature never considered the purpose when enacting the statute. *Anderer*, 47 S.W.3d at 67 n. 4 (citing *F.C.C. v. Beach Comm., Inc.*, 508 U.S. 307, 315, 113 S.Ct. 2096, 124 L.Ed.2d 211 (1993)).

Protecting the public from miscreant criminal behavior by known sex offenders is the legitimate governmental purpose of SORP. *See Ex parte Robinson*, 80 S.W.3d 709, 715 (Tex.App.-Houston [1st Dist.] 2002), *aff'd by* 116 S.W.3d 794 (Tex.Crim. App.2003). It is conceivable that the legislature mandated heightened registration requirements because repeat offenders present higher risks to society. Because of an increased threat of recidivism, it is rational to require repeat offenders to register more frequently and for a longer duration. As explained above, it is also rational to differentiate between sexually violent offenses and non-sexually violent offenses. Accordingly, we hold that the quarterly, lifetime registration requirements prescribed under SORP for persons twice convicted of sexually violent offenses

are rationally related to the legitimate governmental purpose of protecting the public from sex-offense recidivism.[6]

In sum, we reject appellant's argument that SORP violates the Equal Protection Clause and overrule his first issue.

## IV. ENHANCEMENT OF CONVICTION

### A. Whether Records of Prior Conviction Were Required

In his sixth issue, appellant contends the record is insufficient to support enhancement of his punishment because the judgment from a January 24, 2001 conviction for felony aggravated assault was not admitted into evidence.

■ When a defendant pleads "true" to an enhancement allegation, the State's burden of proof relative to that allegation is satisfied. *See Ford v. State,* 243 S.W.3d 112, 117 (Tex.App.-Houston [1st Dist.] 2007, pet. ref'd). Appellant pleaded "true" to the enhancement allegation. Accordingly, the evidence supports enhancement of appellant's offense level for purposes of punishment, and it was unnecessary for the State to present records regarding the enhancement offense. We overrule appellant's sixth issue.

### B. Whether Enhancement Was Improper

■ In his seventh and final issue, appellant contends enhancement of his offense was improper because the aggravated-assault conviction was finalized on the same day as one of his prior indecency-

with-a-child convictions, two days before his other indecency-with-a-child conviction, and the sentences for all three prior offenses ran concurrently.

Failure to comply with quarterly, lifetime registration requirements is a second-degree felony offense. *See* Tex.Code Crim. Proc. Ann. art. 62.102(b)(3). Under the Penal Code, "if it is shown on the trial of a second-degree felony that the defendant has been once before convicted of a felony, on conviction he shall be punished for a first-degree felony." Tex. Penal Code Ann. § 12.42(b). Thus, the only sequential requirement under section 12.42(b) is that the defendant was convicted of a felony prior to his conviction of the second-degree felony.

Appellant was convicted of the felony offenses of indecency with a child on January 21, 2001 and indecency with a child and aggravated assault on January 24, 2001. He was sentenced to two-years' confinement for each indecency-with-a-child conviction and four-years' confinement for aggravated assault. Appellant contends these sentences ran concurrently. Appellant's convictions for indecency with a child were used as elements of his failure to register offense and, thus, could not be used again for punishment enhancement. *See Ballard v. State,* 149 S.W.3d 693, 696–700 (Tex.App.-Austin 2004, pet. ref'd) (construing former version of article 62.102); *see also Ford v. State,* 334 S.W.3d 230, 234–35 (Tex.Crim.App.2011) (noting that article 62.102(b) relates to offense enhancement, not punishment enhancement).

---

6. Appellant cites several studies and articles supporting the propositions that registration requirements do not reduce sex-offender recidivism and the great majority of child molestations are committed by persons who know, and are involved with, the victims. Based on these sources, appellant argues SORP does not fulfill its purpose of reducing sex-offender recidivism but merely makes the community "feel better" at the expense of sex

offenders' privacy and liberty rights. Appellant further contends lifetime registration requirements actually cause recidivism by making it exceptionally difficult for offenders to re-enter society. We believe these concerns are more appropriately addressed to the legislature. For our purposes, appellant's equal protection challenge fails because we can conceive of *rational* reasons for the registration requirements.

Instead, punishment was enhanced by appellant's aggravated-assault conviction. Appellant has not cited, and we do not find, authority for the proposition that the aggravated-assault conviction could not be used for enhancement because it became final on the same day as one of the elemental indecency-with-a-child convictions or because the sentences for all three prior convictions ran concurrently.

Appellant also argues that section 12.42(b) cannot be used to enhance his punishment because article 62.102 includes a unique punishment-enhancement section. Article 62.102(c) provides that an offender's punishment level is increased to the next highest felony if he is found guilty of a failure-to-register offense and has previously been convicted of a failure-to-register offense. Tex.Code Crim. Proc. Ann. art. 62.102(c). The Court of Criminal Appeals recently agreed that article 62.102(c) is a punishment-enhancement provision and does not enhance the offense level of the charged offense. *See Ford*, 334 S.W.3d at 231–35. However, article 62.102(c) is not implicated in appellant's case because his punishment was not enhanced by a prior failure-to-register conviction, but by his prior aggravated-assault conviction. Moreover, we reject appellant's contention that inclusion of subsection (c) to article 62.102 precludes the application of section 12.42(b) to enhance a defendant's punishment for a failure-to-register conviction. We agree that a prior failure-to-register conviction could have been used to enhance appellant's punishment to a first-degree felony under either article 62.102(c) or section 12.42(b). Thus, there is some overlap between these statutes. However, punishment enhancement under article 62.102(c) is not merely repetitive of that provided by section 12.42. For example, although article 62.102(c) provides for punishment enhancement to the next highest felony degree when the defendant has *one* prior failure-to-register

conviction, under certain subsections of section 12.42, punishment *for a failure-to-register* conviction may be enhanced only if the defendant has *two* prior felony convictions. *Compare* Tex.Code Crim. Proc. Ann. art. 62.102(c), *with* Tex. Penal Code Ann. § 12.42(a)(1), (2). Furthermore, nothing in article 62.102(c) suggests that it is the exclusive provision governing punishment enhancement for a failure-to-register conviction. Accordingly, we reject appellant's argument that article 62.102(c) precluded the State's use of section 12.42(b) to enhance his punishment. *See Reyes v. State*, 96 S.W.3d 603, 605 (Tex. App.-Houston [1st Dist.] 2002, pet. ref'd) (rejecting similar argument concerning former version of article 62.102(c) and expressing "article 62.10(c) [predecessor of article 62.102] provides a very specific exception to the general enhancement statute, but does not otherwise preclude the application of section 12.42"). We conclude that appellant's offense level for punishment was properly enhanced from a second-degree felony to a first-degree felony pursuant to section 12.42(b). *See* Tex. Penal Code Ann. § 12.42(b). Appellant's seventh issue is overruled.

We affirm the trial court's judgment.