*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*





# MEMORANDUM OPINION

No. 04-11-00218-CR

Calvin Demetruis **DRUMMOND**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 12, Bexar County, Texas
Trial Court No. 252607
Honorable Scott Roberts, Judge Presiding

Opinion by:     Catherine Stone, Chief Justice

Sitting:         Catherine Stone, Chief Justice
                 Sandee Bryan Marion, Justice
                 Steven C. Hilbig, Justice

Delivered and Filed:  January 11, 2012

AFFIRMED

A jury convicted Calvin Drummond of racing on a highway.  On appeal, Drummond challenges the sufficiency of the evidence to support his conviction and contends the trial court erred in denying his pre-trial motion to set aside the information because the statute which formed the basis for the information was unconstitutionally vague as applied to his conduct.  We affirm the trial court's judgment.

**SUFFICIENCY**

The only standard a reviewing court applies in reviewing sufficiency challenges is the *Jackson v. Virginia* legal sufficiency standard. *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). Under that standard, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Adames v. State*, No. PD-1126-10, 2011 WL 4577870, at *4 (Tex. Crim. App. Oct. 5, 2011). As a reviewing court, we defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *Id*.

Drummond was charged with the offense of racing on the highway. Specifically, Drummond was alleged to have intentionally or knowingly participated in a drag race or acceleration contest through the operation of two or more vehicles from a point side by side at accelerating speeds in a competitive attempt to outdistance each other. *See* TEX. TRANSP. CODE ANN. §§ 545.420(a)(3), 545.420(b)(1) (West 2011).

Officer Justin Kalk and Officer Ernest Lane were parked side-by-side in a grocery store parking lot with their vehicles facing in opposite directions. Officer Kalk observed two vehicles on the road in front of him. The two vehicles dropped their speed and drew parallel to each other. Officer Kalk testified that when vehicles drop their speed in that manner, it is indicative of the drivers revving their engines to race. Officer Kalk heard two distinct exhaust sounds – one a deeper rumble and the other more high-pitched. Officer Kalk stated that he heard the vehicles drop a gear when they were side by side and heard the engines revving. Dropping a gear enables a vehicle to accelerate quicker. After the vehicles dropped a gear and were side by side, Officer Kalk testified that the drivers then accelerated their vehicles. Drummond was later identified as

the driver of one of the vehicles. Based on Officer Kalk's training and experience, he believed the two vehicles were drag racing and attempting to outdistance one another. Officer Kalk testified that it did not appear that Drummond was attempting to maneuver his car past the other car in order to turn into the grocery store parking lot. If Drummond had intended to turn into the grocery store, he could have slowed down and maneuvered behind the other car. Officer Kalk testified that any traffic around the two vehicles was not significant.

Officer Lane testified that he also recalled hearing two engines revving – one a lower pitch and the other a higher pitch. Officer Lane thought the sound meant that the drivers were trying to entice each other to race. Officer Lane looked in his rearview mirror to see the source of the noise, when Officer Kalk told him, "Let's go." Officer Kalk radioed Officer Lane to stop the vehicle Drummond was driving because Officer Kalk had stopped the second vehicle. Officer Lane did not recall asking Drummond where he was going, and Officer Lane did not recall Drummond saying anything about an emergency. Officer Lane testified that, based on his training and experience, it appeared the two vehicles were engaged in a drag race competition.

Drummond testified that he was going to the grocery store to get medicine for his son's allergies and headache. Drummond signaled to pull in front of another car to turn into the grocery store. Drummond stated that the other car accelerated, and Drummond had to quickly return to his lane to avoid hitting the car. Drummond decided to downshift to pull behind the car to make his turn which caused his engine to rev. Drummond stated that his exhaust is louder than normal cars because he has an aftermarket exhaust. Although Drummond slowed down, he still was unable to change lanes and turn because of the other traffic. Drummond pulled into a day care to turn around when he was stopped by Officer Lane. Drummond's mother also testified that Drummond left her house the day in question to get medicine for his son.

Although Drummond's version of the events differed from Officer Kalk and Officer Lane's, the jury is the sole judge of which witnesses to believe. *Adames*, 2011 WL 4577870, at *4. Officer Kalk observed Drummond's vehicle and a second vehicle pull parallel to each other and heard the drivers drop a gear and rev their engines. Officer Lane also heard the engines revving. Officer Kalk then observed the vehicles accelerate and testified, based on his training and experience, that the vehicles were drag racing and attempting to outdistance each other. This evidence is sufficient to support the jury's verdict. Drummond's first issue is overruled.

### DENIAL OF PRE-TRIAL MOTION TO SET ASIDE INFORMATION

In his second issue, Drummond challenges the trial court's denial of his pre-trial motion to set aside the information, asserting section 545.420(a)(3) is unconstitutionally vague as applied to his conduct. The information charged Drummond with "intentionally and knowingly participat[ing] as the driver and operator of a motor vehicle in a drag race and acceleration contest, namely: the operation of two or more vehicles from a point side by side at accelerating speeds in a competitive attempt to outdistance each other." This offense is defined by sections 545.420(a)(3) and 545.420(b)(1) of the Texas Transportation Code. *See* TEX. TRANSP. CODE ANN. §§ 545.420(a)(3), 545.420(b)(1) (West 2011). In his pre-trial motion, however, Drummond challenged the constitutionality of sections 545.420(a)(1) and 545.420(b)(2) of the Code. Because Drummond's complaint on appeal differs from the complaint raised at trial, Drummond failed to preserve the complaint for appellate review. *See Guevara v. State*, 97 S.W.3d 579, 583 (Tex. Crim. App. 2003); *Lemon v. State*, 298 S.W.3d 705, 708 (Tex. App.—San Antonio 2009, pet. ref'd). Moreover, an "as applied" challenge cannot be properly raised in a pretrial motion, but must be brought during or after a trial on the merits. *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 910 (Tex. Crim. App. 2011); *Barker v. State*, 335 S.W.3d 731, 734 (Tex.

App.—Houston [14th Dist.] 2011, pet. ref'd). Accordingly, Drummond's second issue is overruled.

**CONCLUSION**

The trial court's judgment is affirmed.

Catherine Stone, Chief Justice

DO NOT PUBLISH