In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-12-00066-CR
_____

THOMAS LOUIS VANHOOK, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 1-A District Court
Jasper County, Texas
Trial Cause No. 10743JD

MEMORANDUM OPINION

A jury found Thomas Louis VanHook guilty of the offense of failure to comply with sex offender registration requirements (enhanced by prior convictions), and assessed punishment at 40 years in prison. *See* Tex. Code Crim. Proc. Ann. art. 62.102(a),(b)(2) (West 2006).[1] On appeal, VanHook raises a jury charge issue. Because the jury charge on punishment is erroneous and deprived

_____

[1]The statutes cited in this opinion are those in effect on October 7, 2008, the date of the commission of the offense in this case, or those in which the substance, as applied to this case, has not materially changed.

1

VanHook of a fair punishment hearing, we remand the case to the trial court for a new punishment hearing.

### FAILURE TO REGISTER AS A SEX OFFENDER

The elements of the offense of failure to register as a sex offender are: (a) the person is required to register as a sex offender, and (b) he or she fails to comply with any requirement of Chapter 62 of the Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 62.102(a); *Crabtree v. State*, 389 S.W.3d 820, 825 (Tex. Crim. App. 2013). A person is required to register as a sex offender if he has a "reportable conviction or adjudication[.]" Tex. Code Crim. Proc. Ann. art. 62.051(a) (West Supp. 2012). Article 62.001(5) defines "[r]eportable conviction or adjudication" as a conviction or adjudication for certain specifically identified sex offenses or offenses containing a sexual component. *Id*. art. 62.001(5) (West Supp. 2012). Indecency with a child is a reportable conviction. *See id*. art. 62.001(5)(A); Tex. Penal Code Ann. § 21.11 (West 2011). Documents in the record show that VanHook was convicted of two prior offenses of indecency with a child by exposure.

In this failure-to-register case, both of the two prior indecency-with-a-child convictions were admitted into evidence at the guilt-innocence phase of the trial as an element (the "reportable conviction" element) of the failure-to-register offense.

2

The State then used both indecency offenses as enhancement allegations during the punishment phase of the trial. *See* Tex. Penal Code Ann. § 12.42(d) (West Supp. 2012).

JURY CHARGE ERROR

VanHook argues the trial court erred in giving an incorrect charge to the jury during the punishment phase of the trial. The trial court instructed the jury that the applicable punishment range for VanHook's offense was at least 25 years and not more than 99 years. VanHook did not object to the range of punishment stated in the jury charge. The jury assessed a punishment of 40 years in prison.

The State may not use a prior conviction to prove an essential element of the offense for which the defendant is being tried, and then use that same conviction to enhance punishment for the offense being tried. *See McWilliams v. State*, 782 S.W.2d 871, 875 (Tex. Crim. App. 1990); *Barker v. State*, 335 S.W.3d 731, 737 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd); *Ballard v. State*, 149 S.W.3d 693, 696-700 (Tex. App.—Austin 2004, pet. ref'd); *Wiltz v. State*, 787 S.W.2d 511, 512-13 (Tex. App.—Houston [1st Dist.] 1990, no pet.). Although two prior indecency convictions were admitted into evidence at the guilt-innocence phase, only one was needed to satisfy the "reportable conviction" element of the failure-to-register offense. That left one prior indecency conviction for enhancement

3

purposes at punishment. Given that circumstance, the correct range of punishment in this case is 2 years to 20 years, not 25 to 99 years. *See* Tex. Penal Code Ann. § 12.42(a) (West Supp. 2012) (formerly § 12.42(a)(3)); Tex. Code of Crim. Proc. Ann. art. 62.102(b)(2) (West 2006).

The State argues that cases involving the offense of failure to register as a sex offender are different from the offenses to which the rule is usually applied. According to the State, a person's duty to register as a sex offender can arise from a deferred adjudication order and not a final conviction. The State contends that under that scenario, if the person later violates his probation and is convicted, the duty to register and the conviction did not arise from the same act necessitating punishment. Even though VanHook's prior offenses resulted in convictions and not a deferred adjudication order, the State argues that any cases involving failure to register as a sex offender present "nuances," and the jury should be allowed to consider safety concerns. But we find no exception in case law, section 12.42 of the Penal Code, or Chapter 62 of the Code of Criminal Procedure to the rule prohibiting the use of a prior conviction for both an element-of-the-offense purpose and for the purpose of enhancement of punishment in the same case.

The trial counsel did not object to the error in the punishment charge, but a "sentence that is outside the maximum or minimum range of punishment is

4

unauthorized by law and therefore illegal." *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003); *see also Ex parte Pena*, 71 S.W.3d 336, 336-37 & n.2 (Tex. Crim. App. 2001) ("A 'void' or 'illegal' sentence is one that is not authorized by law."). Furthermore, even if a harm analysis were required, error so egregious as to deprive VanHook of a fair and impartial trial requires reversal under *Almanza*. *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g); *see also Gelinas v. State*, 398 S.W.3d 703, 707-10 (Tex. Crim. App. 2013). Egregious harm "affects 'the very basis of the case,' deprives the defendant of a 'valuable right,' or 'vitally affect[s] a defensive theory.'" *Olivas v. State*, 202 S.W.3d 137, 144 (Tex. Crim. App. 2006) (quoting *Almanza*, 686 S.W.2d at 172). In both the written charge and in jury argument, the jury was given an incorrect range of punishment for the offense. The prosecutor repeatedly referred to both prior indecency convictions during closing argument in the punishment phase and argued for a punishment that was outside the range of that permitted by law. The state of the evidence was contested. *See Gelinas*, 398 S.W.3d at 707-10. The error requires a new punishment hearing. VanHook's issue is sustained.

We affirm the judgment of conviction, reverse the judgment as to punishment, and remand for a new punishment hearing. *See* Tex. Code Crim. Proc. Ann. art. 44.29(b) (West Supp. 2012). We need not address VanHook's other

issue---ineffective assistance of counsel in failing to object to the erroneous jury charge---because it would not afford any greater relief.

AFFIRMED IN PART, REVERSED IN PART, REMANDED FOR A NEW PUNISHMENT HEARING.

_____
DAVID GAULTNEY
Justice

Submitted on September 20, 2013
Delivered on October 16, 2013
Do Not Publish

Before Gaultney, Kreger, and Horton, JJ.