Opinion filed October 22, 2015



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00321-CR

_____

## GREGORY DELESANDRI, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 161st District Court**

**Ector County, Texas**

**Trial Court Cause No. B-41,624**

## M E M O R A N D U M   O P I N I O N

The jury convicted Gregory Delesandri of the offense of failure to register as a sex offender. The trial court assessed Appellant's punishment at confinement for forty years. We modify and affirm.

As a consequence of a conviction for aggravated sexual assault, Appellant was required to register as a convicted sex offender. He was required to update his address and employment information every ninety days. He also was required to

notify local law enforcement authorities seven days before he intended to move and to reregister within seven days after he had moved. TEX. CODE CRIM. PROC. ANN. art. 62.055 (West Supp. 2014).

Shortly after Appellant was released from custody, he moved to Odessa. However, he did not have a place to stay. When Appellant registered, he registered as "transient" or homeless and listed "Pecos St/Grant" as his physical address.

On October 23, 2012, Odessa Police Detective Dayton Neff was assigned to complete a compliance check on registered sex offenders in the area. Detective Neff testified that he attempted to locate Appellant for approximately seventeen days, but was unsuccessful. On November 6, 2012, Appellant called the sex offender registration clerk, JoAnna Rincon. Rincon testified that Appellant told her that he had been staying behind a church on Snyder Street. The next day, Detective Neff spoke to Appellant on the phone and in person. When he spoke to Appellant in person, Detective Neff made an audio recording of the interview. As evidenced by that recording, Appellant told Detective Neff that he told Rincon that he was only going to sleep at the church that night. Detective Neff discussed Appellant's residential situation with him, and at the end of their conversation, Detective Neff told Appellant to call him at night if he was somewhere other than his registered address so that Detective Neff would know where to find him.

After this interview, Detective Neff obtained a warrant to arrest Appellant for failure to register his address. On November 14, 2012, Detective Neff arrested Appellant in front of Rincon's office.

In Appellant's first issue, he argues that we must reform the judgment because it is incorrect. In Appellant's second issue, he argues that the trial court erred when it sustained the State's objection to the mistake-of-fact instruction that he requested in the jury charge conference. In Appellant's third issue, he argues that the evidence was legally and factually insufficient to support the jury's verdict because there was

2

no evidence that he intentionally failed to register a correct address. In his fourth issue, Appellant argues that the trial court erred when it admitted his prior convictions for enhancement purposes because (1) the State did not adequately prove that Appellant was the same person as the person named in the judgments and (2) one of his prior convictions was void and could not be used to enhance his current conviction. Finally, in his fifth issue, Appellant argues that the Sex Offender Registration Program is unconstitutional as applied to his case.

First, we will address Appellant's sufficiency argument. Appellant argues that the State did not provide sufficient evidence that Appellant intentionally or knowingly failed to register. We review the sufficiency of the evidence, whether denominated as a legal or as a factual sufficiency claim, under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we examine all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). In our review, we will give deference to the duty of the factfinder to resolve credibility issues and to weigh the evidence. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

The State provided circumstantial evidence that concerned Appellant's intent when he registered his transient location. Rincon testified that she had informed Appellant of all the registration compliance requirements. The trial court admitted the document that contained these requirements; Appellant had initialed the document to indicate that he understood each requirement. Further, Rincon testified that she told Appellant that the geographical location that he had provided did not

meet the geographical requirements. In the audio recording of Detective Neff's interview with Appellant, Appellant gave various locations where he "laid [his] head"; the length of time he spent at these locations was unclear and contradicted. Rincon also testified that Appellant called to tell her that he had been staying behind a church on Snyder Street. Rincon told Appellant that he had to come to her office, in person, to change his registered address. She testified that Appellant did not make an appointment to come to her office to change his address. We hold that, under the evidence we have outlined, a rational trier of fact could have found beyond a reasonable doubt that Appellant intentionally failed to register as a sex offender. The jury was free to determine that Rincon was more credible and that Appellant had intentionally failed to provide a proper address. *See Hooper*, 214 S.W.3d at 13. We overrule Appellant's third issue.

In Appellant's first issue, he argues that the judgment is incorrect. Appellant was convicted under Article 62.102(b)(3) of the Code of Criminal Procedure for the offense of failure to register as a sex offender. Under Article 62.102(b)(3), the offense of which Appellant was convicted is a second-degree felony. CRIM. Proc. art. 62.102(b)(3) (providing that a person commits "a felony of the second degree if the actor is a person whose duty to register expires under Article 62.101(a) and who is required to verify registration once each 90-day period"). Appellant and the State agree that the judgment incorrectly provides that Appellant was convicted of a first-degree felony. We agree and modify the judgment to reflect that Appellant was convicted of a second-degree felony. We sustain Appellant's first issue.

In Appellant's second issue, he argues that the trial court erred when it denied his request for a mistake-of-fact instruction in the jury charge. We review a trial court's refusal to submit a requested jury instruction under an abuse of discretion standard. *Wesbrook v. State*, 29 S.W.3d 103, 121–22 (Tex. Crim. App. 2000). "It is a defense to prosecution that the actor through mistake formed a reasonable belief

about a matter of fact if his mistaken belief negated the kind of culpability required for commission of the offense." *Miller v. State*, 815 S.W.2d 582, 585 (Tex. Crim. App. 1991). A defendant is entitled to a jury instruction on the defensive theory of mistake of fact if it is raised by the evidence at trial, regardless of whether that evidence is strong, weak, unimpeached, or contradicted. *Id.*; *Green v. State*, 566 S.W.2d 578, 584 (Tex. Crim. App. 1978). The denial of a defendant's requested instruction is not error if the requested instruction is merely an affirmative submission of a defensive issue that merely denies the existence of an essential element of the offense. *Green*, 566 S.W.2d at 584. The record indicates that Appellant's only mistake was what the law required him to do in order to provide a proper address. This is a mistake of law, not a mistake of fact. *See Davis v. State*, No. 11-09-00297-CR, 2011 WL 3557228, at *2 (Tex. App.—Eastland Aug. 11, 2011, no pet.) (mem. op., not designated for publication). Consequently, the trial court did not abuse its discretion because Appellant was not entitled to a mistake-of-fact instruction in the jury charge. We overrule Appellant's second issue.

In Appellant's fourth issue, he argues that the trial court erred when it admitted Appellant's prior convictions for enhancement purposes. First, Appellant argues that, because the State did not properly prove up the prior convictions, the trial court improperly admitted the convictions. We review a trial court's decision to admit evidence at the punishment phase of the trial under an abuse of discretion standard. *Mitchell v. State*, 931 S.W.2d 950, 954 (Tex. Crim. App. 1996).

The State is required to prove that a prior conviction exists and must link the defendant to the conviction. *Flowers v. State*, 220 S.W.3d 919, 921–22 (Tex. Crim. App. 2007). The State offered, and the trial court admitted, certified conviction records with Appellant's identification information included. Under *Flowers*, it is enough that the State provided "documentary proof (such as a judgment) that contains sufficient information to establish both the existence of a prior conviction

and the defendant's identity as the person convicted." *Flowers*, 220 S.W.3d at 922. Here, two of the certified conviction records included photos of Appellant, Appellant's fingerprints, and Appellant's name. The other certified conviction record, his conviction for failure to register as a sex offender, included Appellant's name and his thumbprint. Although the record included less identifying information, Appellant admitted, in his argument against the use of this record to enhance his sentence, that he was the individual represented by the record. The State met its burden to prove beyond a reasonable doubt that prior convictions existed and that Appellant was linked to the prior convictions. *See Flowers*, 220 S.W.3d at 921–22. Consequently, the trial court did not abuse its discretion when it admitted Appellant's prior convictions. *See Mitchell*, 931 S.W.2d at 954.

Second, Appellant argues that his prior failure-to-register conviction was void and could not be used to enhance his punishment. Appellant acknowledges that case law exists that is contrary to his argument. Generally, an illegal sentence is void. *E.g.*, *Rhodes v. State*, 240 S.W.3d 882, 887–88 (Tex. Crim. App. 2007); *Mizell v. State*, 119 S.W.3d 804, 805–807 (Tex. Crim. App. 2003). Appellant argues that his sentence in the prior failure-to-register conviction was void because it was less than the minimum applicable legal punishment range. Appellant received a sentence *below* the applicable legal punishment range. TEX. PENAL CODE ANN. § 12.33(a) (West 2011); CRIM. PROC. art. 62.102(b)(3). In *Rhodes*, the defendant received an illegally lenient sentence in a prior conviction and argued that the State could not use the conviction to enhance his punishment range because it was void. *Rhodes*, 240 S.W.3d at 892. The Court of Criminal Appeals held that, because the defendant "enjoyed the benefits of the illegally lenient judgment" and procured the benefit through a plea agreement, the State could properly use the judgment to enhance his punishment range. *Id.* In the case before us, Appellant, under a plea bargain, received 412 days of confinement for his prior failure-to-register conviction. The

minimum punishment range for the offense was two years.  PENAL § 12.33(a); CRIM. PROC. art. 62.102(b)(3).  Consequently, under *Rhodes*, Appellant may not, after receiving the benefits of the illegal sentence, argue that the sentence is void.  *Rhodes*, 240 S.W.3d at 892.  The conviction was properly used to enhance Appellant's punishment range.

Appellant also complains that the State violated his due process rights under both the Sixth and Fourteenth Amendments to the United States Constitution and Article I, section 10 of the Texas constitution because the State did not provide timely notice of intent to enhance.  The State filed its original notice of intent to enhance on August 5, 2013.  The jury found Appellant guilty on September 13, 2013.  The State filed a second notice of enhancement on September 16, 2013, the effect of which was to give notice of intent to increase the punishment range to twenty-five years to ninety-nine years or life.  The State filed the second notice after the jury found Appellant guilty, but before the punishment phase was conducted.  The trial court sentenced Appellant on September 23, 2013.  *Pelache v. State* concerned a similar set of facts.  324 S.W.3d 568, 570 (Tex. Crim. App. 2010).  In *Pelache*, the State provided a notice of enhancement between the time the defendant was found guilty and the date of the punishment hearing.  *Id.*  After an analysis of several cases, the court in *Pelache* held that notice of enhancement between the guilt and punishment phase of trial does not violate a defendant's due process rights.  *Id.* at 576–77 (citing *Oyler v. Boles*, 368 U.S. 448, 449 (1962); *Villescas v. State*, 189 S.W.3d 290, 291–95 (Tex. Crim. App. 2006)).

Appellant further argues that the enhancement constitutes cruel and unusual punishment under the Eighth and Fourteenth Amendments of the United States Constitution; Article I, section 13 of the Texas constitution; and Section 1.09 of the Texas Code of Criminal Procedure.  However, Appellant does not provide any case authority or argument specific to this complaint.  Consequently, we find that

7

Appellant waived this issue under Rule 38.1 of the Texas Rules of Appellate Procedure. TEX. R. APP. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."). We overrule Appellant's fourth issue.

In Appellant's fifth issue, he argues that the Sex Offender Registration Program (SORP) is unconstitutional as applied to him. We first note that, in Appellant's argument to the trial court as well as in his brief, he uses "due process" and "equal protection" interchangeably. It is clear from his arguments that he is truly only addressing an equal protection challenge. As a result, we will address this issue solely as an equal protection challenge.

When reviewing the constitutionality of a statute, we presume that the statute is valid and that the legislature has not acted unreasonably or arbitrarily in enacting it. *Ex parte Granviel*, 561 S.W.2d 503, 511 (Tex. Crim. App. 1978); *Polley v. State*, No. 11-03-00340-CR, 2004 WL 2964785, at *2 (Tex. App.—Eastland Dec. 16, 2004, pet. ref'd) (not designated for publication). The burden is on the party challenging the statute to establish that it is unconstitutional. *Granviel*, 561 S.W.2d at 511; *Polley*, 2004 WL 2964785, at *2.

Appellant asserts an "as applied" challenge. Appellant specifically argues that, because he is homeless and the SORP has different registration requirements for him than for other sex offenders, his equal protection rights are violated. Appellant did not explain in his brief what requirements are different for homeless individuals than for other individuals. However, the only differences between the registration of a homeless or transient person and an individual with a physical address are that a homeless person *may* give a geographical location rather than a physical address and must confirm his location or locations not less than once every thirty days. CRIM. Proc. arts. 62.051(c)(1-a), (j)(2); 62.055(i). Thus, a homeless

8

individual is not required to register in a different manner than an individual with a physical address but is required to report more often.

Assuming the Equal Protection Clause of the Fourteenth Amendment was implicated, Appellant's constitutional rights were not violated. When we evaluate an equal protection challenge, we must determine whether to apply strict scrutiny, intermediate scrutiny, or the rational basis test. *See, e.g.*, *Barker v. State*, 335 S.W.3d 731, 735–36 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd) (determining that the strict scrutiny test did not apply because the defendant was not a member of a suspect class). Appellant does not argue that he is a member of a suspect or quasi-suspect class. Instead, he cites several cases that indicate he is not a member of a suspect class. For example, several federal courts have held that homelessness is not a suspect class. *E.g.*, *Joel v. City of Orlando*, 232 F.3d 1353, 1357 (11th Cir. 2000); *Kreimer v. Bureau of Police for Town of Morristown*, 958 F.2d 1242, 1269 n.36 (3rd Cir. 1992). Additionally, some federal courts have held that a sex offender is not a member of a suspect class. *E.g.*, *Hines v. Jenks*, 89 F. App'x 189, 191 (10th Cir. 2004); *United States v. LeMay*, 260 F.3d 1018, 1030 (9th Cir. 2001). We agree that Appellant is not a member of a suspect or quasi-suspect class. Accordingly, we must apply the rational basis test to determine whether the SORP violates Appellant's equal protection guarantee. *See, e.g.*, *Barker*, 335 S.W.3d at 735–37 (applying the rational basis test to the SORP when it determined that the defendant was not a member of a suspect or quasi-suspect class).

Under the rational basis test, a statute must be rationally related to a legitimate government purpose. *Cannady v. State*, 11 S.W.3d 205, 215 (Tex. Crim. App. 2000). Here, the State argues that the legitimate government purpose is to protect the public from sex-offense recidivism, as discussed in *Barker*. *See Barker*, 335 S.W.3d at 736–37. The *Barker* court held that the SORP was rationally related to the desire to protect the public from sex-offense recidivism. *Id.* Although *Barker*

9

did not concern the same specific facts before this court, we agree that the SORP is rationally related to a legitimate government purpose. We overrule Appellant's fifth issue.

We modify the judgment of the trial court to reflect that Appellant was convicted of a second-degree felony. As modified, the judgment of the trial court is affirmed.


JIM R. WRIGHT
CHIEF JUSTICE


October 22, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.