

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00057-CR

---

DAVID ALLEN DEWALD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 181st District Court
Randall County, Texas
Trial Court No. 32439B, Honorable Titiana Frausto, Presiding

---

January 3, 2025

MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

David Allen Dewald appeals two convictions for sex-offender registration violations, enhanced by a prior felony conviction.[1] A jury found him guilty, and the trial court assessed punishment at 25 years of confinement on each count, to run concurrently. On appeal, Appellant argues his sentences are illegal, the trial court failed to conduct an ability-to-pay inquiry under Code of Criminal Procedure article 42.15(a-1), and the

---

[1] See TEX. CODE CRIM. PROC. ANN. art 62.102.

judgments should be modified to delete any order to repay court-appointed attorney's fees. We modify the judgments and bills of costs as to repayment of attorney's fees and as modified affirm the judgments of guilt. We reverse and remand solely for a new sentencing hearing and overrule Appellant's complaint under article 42.15(a-1).

**Analysis**

**First Issue**

By his first issue, Appellant argues his sentences of confinement are void[2] because they exceed the statutory maximum for the charged third-degree felonies enhanced to second-degree felonies. The state concedes error and argues "the proper remedy is to remand for a new punishment hearing."

Appellant was convicted of two counts of failure to register as a sex offender, third-degree felonies. *See* TEX. CODE CRIM. PROC. ANN. art. 62.102(b)(2). Based on a prior failure-to-register conviction, the State sought to enhance punishment to that of a second-degree felony. *See* TEX. CODE CRIM. PROC. ANN. art. 62.102(c); TEX. PENAL CODE ANN. § 12.42(a). The maximum term of confinement for a second-degree felony conviction is 20 years. TEX. PENAL CODE ANN. § 12.33(a). Appellant's 25-year term of confinement for a second-degree felony exceeds the maximum authorized by law.

An illegal sentence is one unauthorized by law and must be reversed on direct appeal. *Bell v. State*, 635 S.W.3d 641, 645 (Tex. Crim. App. 2021); *Farias v. State*, 426

---

[2] We do not find a meaningful distinction between the terms "void" and "illegal" for purposes of this appeal. *See Hern v. State*, 892 S.W.2d 894, 896 (Tex. Crim. App. 1994) (holding the defendant's sentence was illegal because it exceeded the statutory maximum for the offense).

2

S.W.3d 198, 200 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd). Although the State argues Appellant must show harm for this error, we disagree that such a showing is required when challenging an illegal sentence in a direct appeal. *See Farias*, 426 S.W.3d at 200. The State's reliance on *Ex parte Parrott*, 396 S.W.3d 531 (Tex. Crim. App. 2013) is misplaced, as *Parrott* was a habeas proceeding where harm must generally be shown.[3] In a habeas case, harm is not shown if the record contains evidence of other prior convictions that could have properly supported the enhanced sentence. *Parrott*, 396 S.W.3d at 536.

Here, the record reflects Appellant has a prior conviction for indecency with a child, a second-degree felony. Pursuant to Penal Code section 12.42(d) a defendant's punishment can be enhanced to a term of confinement not exceeding 99 years or less than 25 years if the defendant was previously convicted of two felonies other than state jail felonies, and the second previous felony conviction was for an offense occurring after the first previous conviction became final. TEX. PENAL CODE ANN. § 12.42(d). At first glance, Appellant's indecency conviction, combined with his failure-to-register conviction, would seem to trigger this enhancement. However the record further reflects the indecency conviction was *an element of* the charged failure-to-register offenses, and Appellant's duty to register arose from that conviction for an offense under Penal Code section 21.11. *See* TEX. CODE CRIM. PROC. ANN. art. 62.001(5)(A). A conviction that is elemental of the charged offense cannot also be used for enhancement without violating

_____

[3] In other words, harm is not shown in a habeas proceeding when the record contains evidence of other prior convictions capable of supporting the enhanced sentence. *See Parrott,* 396 S.W.3d at 536 (concluding no harm when the record shows another conviction that could properly support the punishment range for which the applicant was sentenced).

double jeopardy. *Barker v. State,* 335 S.W.3d 731, 737 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd); *see Ballard v. State,* 149 S.W.3d 693, 699 (Tex. App.—Austin 2004, pet. ref'd) (holding a conviction that creates the duty to register cannot also be used for enhancement because "[i]n a prosecution for failing to register as a sex offender, the duty to register is an element of the offense."). Consequently, considering the full record, there is no second conviction available to enhance Appellant's punishment range to 25–99 years under section 12.42(d). *Parrott,* 396 S.W.3d at 536. The 25-year sentences exceed the statutory maximum for the offenses and are therefore illegal. Increasing Appellant's punishment beyond what the law allows establishes harm.

The correct remedy under these circumstances is to conduct a limited remand for a new punishment hearing. *Calvillo v. State,* Nos. 05-23-00912-CR, 05-23-00913-CR, 2024 Tex. App. LEXIS 6392, at *3 (Tex. App.—Dallas Aug. 28, 2024, no pet.) (mem. op., not designated for publication). Appellant's first issue is sustained.[4]

**Second Issue**

Appellant next argues the trial court erred by failing to conduct an ability-to-pay inquiry under Code of Criminal Procedure article 42.15(a-1). However, the Court of Criminal Appeals has recently held this is a forfeitable complaint that must be preserved

---

[4] Appellant did not raise his sentencing-error complaint in the trial court. We conclude, however, the issue may be first urged on appeal as a *Marin* category-two right. *See Grado v. State,* 445 S.W.2d 736, 741 (Tex. Crim. App. 2014) ("In the absence of a defendant's effective waiver, a judge has an independent duty both to identify the correct statute under which a defendant is to be sentenced and the range of punishment it carries and to consider the entire range of punishment in sentencing a defendant irrespective of a defendant's request that he do so . . . . The unfettered right to be sentenced by a sentencing judge who properly considers the entire range of punishment is a substantive right necessary to effectuate the proper functioning of our criminal justice system."); *Marin v. State,* 851 S.W.2d 275, 278–80 (Tex. Crim. App. 1993)*, abrogated on other grounds by Matchett v. State,* 941 S.W.2d 922, 928 (Tex. Crim. App. 1996)*, and overruled on other grounds by Cain v. State,* 947 S.W.2d 262, 264 (Tex. Crim. App. 1997).

at trial. *Cruz v. State,* 698 S.W.3d 265, 268–69 (Tex. Crim. App. 2024). We find no location in the record where Appellant objected on this basis below; thus, the issue was forfeited. We overrule Appellant's second issue.

**Third Issue**

By his third issue, Appellant seeks deletion of any order to repay court-appointed attorney's fees. The judgments order Appellant to pay fees "as applicable" and refer to the bill of costs, which assess $6,350 in attorney's fees.

An indigent defendant cannot be ordered to repay court-appointed attorney's fees absent proof of a material change in financial circumstances. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g); *Cates v. State,* 402 S.W.3d 250, 252 (Tex. Crim. App. 2013) (explaining article 26.05(g) requires a present determination of financial resources); *Carr v. State,* No. 01-15-00246-CR, 2016 Tex. App. LEXIS 2134, at *11 (Tex. App.—Houston [1st Dist.] Mar. 1, 2016, no pet.) (mem. op., not designated for publication) (explaining the indigence presumption is overcome if a material change in the defendant's financial circumstances occurs). Here, the record evidences that Appellant was indigent; it contains no proof of any change in financial circumstances.

On appeal, the State concedes error, noting that the proper disposition "is to reform the trial court's judgment by deleting the order for payment of court-appointed attorney's fees." We agree this is the proper remedy. *Cates,* 402 S.W.3d at 252; *Carr*, 2016 Tex. App. LEXIS 2134, at *11. Accordingly, we sustain Appellant's third issue. We modify both judgments and bills of costs to delete the assessment of attorney's fees.

5

## Conclusion

As modified, we affirm the judgments of guilt. With regard to court-appointed attorney's fees, we modify the judgments and bills of costs to delete any obligation for Appellant to repay court-appointed attorney's fees. With regard to punishment, we reverse the trial court's judgments and remand the case to the trial court solely for conducting a new punishment hearing. *See* TEX. CODE CRIM. PROC. ANN. art. 44.29(b); *Parks v. State,* No. 12-02-00198-CR, 2003 Tex. App. LEXIS 4639, at *6 (Tex. App.—Tyler May 30, 2003, no pet.) (not designated for publication) ("An appeal of the punishment phase is entirely limited to issues pertaining to the retrial of appellant's punishment.").

Lawrence M. Doss
Justice

Do not publish.